[Cite as *Musgrove v. Helms*, 2011-Ohio-1614.]

IN THE COURT OF APPEALS OF GREENE COUNTY, OHIO

TINA M. MUSGROVE                    :

    Plaintiff-Appellant        :    C.A. CASE NOS.08CA96,
                                                     09CA76
vs.                                 :    T.C. CASE NO. 04DR0178

DAVID LEE HELMS                     :    (Civil Appeal from Common
                                        Pleas Court, Domestic
    Defendant-Appellee         :    Relations Division)

. . . . . . . . .

O P I N I O N

Rendered on the 1st day of April, 2011.

. . . . . . . . .

Tina M. Musgrove, 219 S. Delmar Avenue, Dayton, OH 45403
    Plaintiff-Appellant, Pro se

Ann Catherine Harvey, Atty. Reg, No. 0054585, 2310 Far Hills Avenue,
Suite 3, Dayton, OH 45419
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} This appeal consolidates two appeals taken from post-decree orders entered by the domestic relations court in a divorce action. We find that the court did not abuse its discretion when it held Plaintiff-Appellant, Tina M. Musgrove, in contempt for failure to pay court-ordered child support in the amount of

fifty dollars per month.  However, we find that the court abused its discretion when it also increased Plaintiff-Appellant's child support obligation to $341 per month, and when it subsequently dismissed several motions Plaintiff-Appellant had filed for her failure to prosecute.

{¶ 2}  The marriage of David Lee Helms and Tina M. Musgrove was terminated by a decree of divorce on September 28, 2005.  The court granted the parties' motion for shared parenting of their minor child.  Subsequently on May 1, 2007, on David's[1] motion, the court terminated its shared parenting order and designated David the residential parent and legal custodian of the minor child.  Tina was granted rights of visitation, which was to be supervised visitation.  The court also ordered Tina to pay child support at the statutory minimum rate of fifty dollars per month.

### Case No. 2008CA96

{¶ 3}  On August 7, 2007, David filed a motion pursuant to R.C. 2705.031(B), asking the court to find Tina in contempt for failure to pay the child support the court had ordered.  David also asked the court to order an increase in Tina's child support obligation due to a change in her financial circumstances.

{¶ 4}  David's motion and other motions the parties filed came

---

[1]For clarity and convenience, the parties are identified by their first names.

on for hearing on February 11, 2008, following several continuances. David appeared, represented by counsel. Tina failed to appear. The court denied a motion requesting another continuance Tina filed on that morning, and proceeded to take evidence David offered.

{¶ 5} On March 26, 2008, the court held Tina in contempt for her failure to pay court-ordered child support of fifty dollars per month. The court continued Tina's sentencing on the contempt finding to a later date. The court also increased Tina's child support obligation from fifty dollars per month to $341 per month.

{¶ 6} The court held a hearing on October 22, 2008 to determine the sentence it would impose for Tina's contempt. The court sentenced Tina to thirty days in jail, but alternatively ordered that she could purge her contempt and avoid the jail sentence by paying the full child support arrearage due. The court journalized its judgment on November 12, 2008.

{¶ 7} On November 18, 2008, Tina filed a notice of appeal from the final order imposing her sentence, and from five orders denying motions Tina had filed subsequent to the finding of contempt. That appeal was docketed as Case No. 2008CA96. Tina filed a brief in that appeal on June 8, 2009, assigning seven errors for our review.

## FIRST ASSIGNMENT OF ERROR

{¶ 8} "THE TRIAL COURT'S FINDING OF CONTEMPT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

### SECOND ASSIGNMENT OF ERROR

{¶ 9} "THE TRIAL COURT'S FINDING OF CONTEMPT WAS BASED ON UN-CREDIBLE, INSUFFICIENT EVIDENCE."

{¶ 10} "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. V. Foley Construction Co.* (1978), 54 Ohio St.2d 279, Syllabus by the Court.

{¶ 11} David testified at the hearing on February 11, 2008 that, following the court's order requiring Tina to pay child support of fifty dollars per month, he had never received any support. (Tr. 7). The court could reasonably infer from that testimony that Tina had paid no support. Tina does not contend that she paid any support or that David's testimony is incorrect in that respect.

{¶ 12} David's testimony is neither uncredible nor insufficient to support the court's finding of contempt. David qualifies as a person with knowledge of the matter to which he testified, which is sufficient authentication of his competence to admit that testimony. Evid.R. 901(B)(1). Whether David was a credible witness was, in the first instance, for the trial court to decide.

*State v. DeHass* (1967), 10 Ohio St.2d 230. The court apparently found David credible, and we find no abuse of discretion in that determination.

{¶ 13} The first and second assignments of error are overruled.

THIRD ASSIGNMENT OF ERROR

{¶ 14} "THE TRIAL COURT ABUSED ITS DISCRETION BY TRYING TINA IN ABSENTIA."

{¶ 15} Tina argues that the court's decision to proceed with the February 11, 2008 hearing without her presence or participation was "the equivalent of a criminal court trying a defendant in absentia, against which the U.S. Constitution guarantees a protection." Tina cites *In re Contemnor Caron* (2000), 110 Ohio Misc. 58, and R.C. 2705.05(C)(1) in support of her contention.

{¶ 16} The constitutional rights which *Caron* explained are those guaranteed by the Sixth Amendment to the Constitution of the United States and Section 10, Article I of the Ohio Constitution that apply to trials of criminal defendants. The proceedings in contempt David brought against Tina pursuant to R.C. 2705.031(B) for failure to pay child support were not criminal, notwithstanding the jail term the court imposed pursuant to R.C. 2705.05. That sentence was remedial, in that it was imposed for the purpose of terminating a continuing contempt: Tina could purge her contempt, and avoid the jail term, by bringing her child support obligation

current. The proceeding that found Tina in contempt was therefore civil, *In re Davis* (1991), 77 Ohio App.3d 257, and the rights of criminal defendants on which Tina relies have no application.

{¶ 17} The third assignment of error is overruled.

## FOURTH ASSIGNMENT OF ERROR

{¶ 18} "THE TRIAL COURT ABUSED ITS DISCRETION BY OVERRULING TINA'S MOTION FOR IN-CAMERA REVIEW OF THE C.S.E.A. FILE WHERE THE MOTION AND AFFIDAVIT SHOWED PROBABLE CAUSE TO BELIEVE THAT ITS CONTENTS MAY HAVE EXONERATED HER; THE COURT ACKNOWLEDGED PROOF OF TINA'S DISABILITY AND APPLICATION FOR SOCIAL SECURITY AND EVA PURDY'S TESTIMONY FURTHER PROVED TINA'S CLAIM."

{¶ 19} Following its finding of contempt, but before the court imposed Tina's sentence, Tina filed a Motion for In Camera Review (Dkt. 228), asking the court to review the files of the Greene County Child Support Enforcement Agency in order to consider the information therein concerning her disability, in relation to the court's finding that Tina willfully failed to pay child support.

{¶ 20} Tina does not explain how the contents of the CSEA file may have exonerated her. In any event, the transcript of the October 22, 2008 sentencing hearing shows that Tina was permitted to present the testimony of Eva Purdy, an employee of CSEA, concerning those matters.

{¶ 21} The fourth assignment of error is overruled.

## FIFTH ASSIGNMENT OF ERROR

{¶ 22} "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING TINA TO INCARCERATION FOR FAILURE TO PAY SUPPORT WHERE TINA WAS UNABLE TO PROVIDE HERSELF AND HER CHILDREN WITH THE NECESSITIES OF LIFE, SUCH AS FOOD, CLOTHING AND SHELTER."

{¶ 23} App.R. 16(A)(7) provides that an appellant shall include in its brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the . . . parts of the record on which appellant relies."

{¶ 24} Tina's argument in support of this assignment of error states, in its entirety:  "Evidence and testimony demonstrated that fact."  Tina's brief fails to comply with App.R. 16(A)(7), such that we are unable to determine the error she assigns.'

{¶ 25} The fifth assignment of error is overruled.

## SIXTH ASSIGNMENT OF ERROR

{¶ 26} "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING TINA TO INCARCERATION WHERE SUCH A SENTENCE ARE CONTRADICTORY TO COURT ORDERS ALREADY IN PLACE IN ITS AND ANOTHER JURISDICTION."

{¶ 27} Tina argues that serving the jail term the court imposed would interfere with the rights of residential parent and custodian of a daughter from her union with another man, which she was awarded in another jurisdiction.  Incarceration curtails a subject's

liberty interests and the rights associated with them, including the party's exercise of custodial rights to children a court awarded. If serving her term of incarceration leaves Tina no ready alternative of her own for her daughter's care, she may seek the assistance of the children's services agency of the child's county of residence to arrange for her daughter's care while Tina is incarcerated.

{¶ 28} The sixth assignment of error is overruled.

### SEVENTH ASSIGNMENT OF ERROR

{¶ 29} "THE TRIAL COURT'S OVERRULING OF TINA'S MOTION FOR RELIEF WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONSTITUTES AN ABUSE OF DISCRETION."

{¶ 30} On September 9, 2008, Tina filed a form of application styled "Motion For Relief From Judgment and Request For A New Hearing," Tina argued that she was prejudiced by the court's finding of contempt following its February 11, 2008 hearing because "inaccurate and incomplete information (was) offered by Defendant Helms . . . regarding Plaintiff's income and ability to pay, among other fraudulent allegations.. ." The court subsequently overruled Tina's motion.

{¶ 31} Tina argues that the court should have considered her disabilities and other life difficulties in relation to the charges in contempt, which alleged that she failed to pay any part of the

fifty dollar minimum child support the court had ordered. Tina failed to appear at the February 11, 2008 hearing, at which she could have offered evidence on those matters. That failure is chargeable to Tina, to the extent that she was prejudiced as a result. We are not persuaded that the trial court abused its discretion in denying Tina's motion for relief from the judgment finding her in contempt.

{¶ 32} Tina also argues that the court's reliance on inaccurate and incomplete information David offered caused the court to abuse its discretion when the court increased Tina's child support obligation to $341.91 per month. The transcript of the February 11, 2008 hearing reveals that the court relied on two articles of evidence David offered.

{¶ 33} In his testimony at the February 11, 2008 hearing, David acknowledged as correct his attorney's suggestion that during the past year Tina has "been filing things against you . . . in various courts." David stated that Tina "says she's poverty-stricken. That's all I know. I don't know that for certain." (Tr. 8).

{¶ 34} His counsel then asked David whether a document she showed him was "an affidavit of income filed by Tina Pauer in one of those cases against her ex-husband." David replied: "Yes. It certainly appears to be." David also acknowledged counsel's suggestion that the document bears the file-stamped date of

February 21, 2006, and states that Tina is employed and earns $29,000 per year as a freelance writer. (Tr. 9-10). However, David denied any personal knowledge of Tina's income. (Tr. 10). The document David was shown was not introduced in evidence and is not a part of the record before us.

{¶ 35} The court reminded counsel that Tina had filed an affidavit of income and expenses with the court dated July 25, 2007. The court noted that the affidavit states Tina is unemployed, "although seeking, apparently Social Security Disability, although she had $643 a month rejected award amount." The court added that Tina's affidavit "indicate(s) she has $705 of housing expense and another $260 to $270 in monthly expenses, but no indication of where she covers them from." (Tr. 12).

{¶ 36} The other article of evidence on which the court relied was evidence proffered by David's counsel purporting to be "Tina Pauer-Helms-Musgrove's MySpace account" (Tr. 12), in the form of a video counsel called up on her computer. David identified the information presented therein concerning Tina's job experience as "what she used to espouse." (*Id.*) Counsel also pointed out that the account states that Tina's income is "less than $30,000," a figure which David agreed is consistent with the income of $29,000 in Tina's 2007 affidavit. (Tr. 14).

{¶ 37} The trial court found that Tina had an income of $30,000

per year, and that she should be paying $400 per month in child support. (Tr. 37). We find that the trial court abused its discretion in relying on the two articles of evidence David offered to reach that result.

{¶ 38} Evid.R. 901 states:

{¶ 39} "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

{¶ 40} "Authentication and identification are terms which apply to the process of laying a foundation for the admission of such nontestimonial evidence as documents and objects." Weissenberger's Ohio Evidence Treatise (2010 Ed.) §901.1. Otherwise, such evidence is hearsay. *Id*. Professor Weissenberger points out that the requirement is actually a rule of relevance connecting the evidence offered to the facts of the case. "For example, a writing purportedly signed by a party to an action is of no relevance and consequently of no significance to the case unless evidence is offered that it was actually authorized or signed by that person." *Id*.

{¶ 41} Evid.R. 901(B) sets out a number of illustrative "examples of authentication or identification conforming with the requirements" of the rule. The most commonly employed is at

Evid.R. 901(B)(1): "Testimony of a witness with knowledge. Testimony that a matter is what it is claimed to be." Evid.R. 901(B)(1) provides that "any competent witness who has knowledge that a matter is what its proponent claims may testify to such pertinent facts, thereby establishing, in whole or in part, the foundation for identification." Weissenberger §901.2. Conclusive evidence is not required, but the witness's testimony must be sufficient to satisfy the requirement of Evid.R. 602 that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." *Id*.

{¶ 42} When asked whether the affidavit he was shown was one that Tina had filed in an action in Montgomery County "against her ex-husband," David replied: "yes, it certainly appears to be." David's acknowledgment of what the affidavit appears on its face to be, in response to counsel's suggestion, is insufficient to demonstrate his personal knowledge of the matter. Evid.R. 602. Perhaps he was the "ex-husband" named in the Montgomery County action,[2] but that was not made clear. Greater specificity is necessary to establish personal knowledge.

{¶ 43} The second article of evidence on which the court relied was the evidence of Tina's MySpace account that David's counsel

---

[2]Tina was also formerly married to Shawn Musgrove.

proffered, which demonstrates that Tina therein claimed an annual income of $29,000. Such Internet evidence may be authenticated per Evid.R. 901(B)(10) when it satisfies an exception to the rule against hearsay, Evid.R. 802. *Hess v. Ridel-Hess*, 153 Ohio App.3d 337, 2003-Ohio-3912, ¶25. In *Hess*, the court relied on Evid.R. 803(17), which excludes from the rule against hearsay "[m]arket quotations, tabulations, lists, directories, or other published compilations, generally used and relied upon by the public or by persons in particular occupations," to admit evidence from the National Automobile Dealer Association ("NADA") concerning the value of a vehicle in a divorce action.

{¶ 44} The only exception to the rule against hearsay that might apply to Tina's statement on her MySpace account that she earns $29,000 per year is Evid.R. 804(B)(3). The rule permits admission of an out-of-court statement against the unavailable declarant's interest. Traditionally, such statements had to be found to be contrary to the declarant's pecuniary interest when they were made. Application of the rule has since been relaxed, especially with respect to money matters, but the declaration must still be, in its substance, <u>adverse</u> to the unavailable declarant's personal interest. Weissenberger, §804.36.

{¶ 45} Tina's statement on her MySpace account that she earns $29,000 per year may be used in a way adverse to her interest,

as the court used it here to increase Tina's spousal support obligation, but as a declaration it is not adverse to her interest because it is not an assertion of fact which is by its nature <u>contrary</u> to her interest. Therefore, the Evid.R. 804(3) exception would not apply. We are aware of no other hearsay exception that would apply.

{¶ 46} As against those two articles of evidence, the court had before it an affidavit Tina filed in the action before the court on July 25, 2007. (Dkt. 132). The court acknowledged that affidavit, which reports monthly expenses of $270 and a "projected" monthly income of $643. It appears that the projected income was a Social Security benefit for which Tina had then applied. The affidavit's date is subsequent to that of the document David was shown indicating a $29,000 monthly income for Tina. The MySpace account was presumably current when it was created, but when that was done is not indicated.

{¶ 47} The trial court abused its discretion when it imposed a monthly child support obligation for Tina of $341, based on the court's finding on February 11, 2008, that Tina has an annual income of $30,000. That portion of the domestic relations court's March 26, 2008 order will be reversed.

{¶ 48} The seventh assignment of error is sustained, in part.

<u>Case No. 2009CA76</u>

{¶ 49} While Tina's appeal in Case No. 2008CA96 was pending, Tina filed three motions on February 24, 2009, asking the court to reinstate her parenting time, to show cause why David should not be found in contempt, and to modify her child support obligation. Following several continuances, the motions were set for hearing on September 21, 2009. Tina moved for another continuance. The court denied the requested continuance and, when Tina failed to appear at the hearing, dismissed Tina's pending motions pursuant to Civ.R. 41(B)(1) for failure to prosecute. Tina filed a notice of appeal from the court's order of September 28, 2009. The appeal was docketed as Case No. 2009CA76.

{¶ 50} Tina filed two briefs in Case No. 2009CA76, one on March 1, 2010 and another on July 26, 2010. Each brief sets out three assignments of error for our review. In each, Tina complains that the domestic relations court abused its discretion when it dismissed Tina's three motions for Tina's failure to prosecute.

{¶ 51} The court cited Civ.R. 41(B)(1) as a basis for dismissing Tina's motions. Civ.R. 41(B)(1) states:

{¶ 52} "Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel dismiss an action or claim."

{¶ 53} A dismissal for failure to prosecute operates as an

adjudication on the merits unless the court, in its order of dismissal, otherwise specifies. *Westlake v. Rice* (1995), 100 Ohio App.3d 438. The purpose of requiring notice is to provide the party in default the opportunity to explain why the case should not be dismissed with prejudice. *Logsdon v. Nichols*, 72 Ohio St.3d 124, 1995-Ohio-225. Therefore, notice of a possible dismissal must be given to the affected party prior to a Civ.R. 41(B) dismissal. *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1.

{¶ 54} Written formal notice is not necessary for compliance with Civ.R. 41(B)(1), but the court must provide sufficient notice to allow the plaintiff an opportunity to comply with a court order or explain why the plaintiff has not proceeded to litigate the case. *Carr v. Green* (1992), 78 Ohio App.3d 487. Notice of a trial date, alone, does not satisfy the notice requirement. *Id*. However, dismissal for failure to prosecute when the plaintiff fails to appear at a hearing without explanation is not an abuse of discretion. *Pembaur v. Leis* (1982), 1 Ohio St.3d 89.

{¶ 55} The court made the following statement at the September 21, 2009 hearing:

{¶ 56} "The Court: Alright we're on the record for Case Number 2004DR178, originally Tina Pauer-Helms verses David Lee Helms. The matter before us today is scheduled for a hearing on the Motion to Reinstate Plaintiff's Parenting Time filed on February 24[th],

09, Show Cause Motion filed by the Plaintiff on February 24ᵗʰ, 09 and the Motion to Modify Child Support filed on February 24ᵗʰ of 09. The matter was set for 1:30, it's now 1:39 and the Defendant and his attorney are present. The Plaintiff has chosen not to show up.

{¶ 57} "She sent in for the record motion to continue this matter today, which I have not yet caused to be file-stamped but I will. But I also want the record to reflect that I informed Ms. Musgrove, I guess she is going by now, I was not granting that and she should be here. At which time she attempted to fax some additional information with some sort of medical excuse not be here. And my staff once again told her that she needed to be here. And the medical thing that she sent was some sort of statement from Urgent Care dated yesterday that indicated 'please call your family doctor for a follow up visit.' And so, I'm prepared to dismiss all of the motions that the Plaintiff has filed and at the same time I believe that Ms. Musgrove has some time in jail she's supposed to be spending." (Tr., pp 2-3).

{¶ 58} The order from which this appeal was taken, in which the court dismissed the motions Tina filed, was journalized on September 28, 2009. The order indicates that on September 15, 2009, Tina requested a continuance because one of her witnesses would be unavailable on the hearing date. When the court denied

that request, because the alternative of a testimonial deposition was available, Tina argued that health problems prevented her appearance. The court rejected those grounds, citing supporting documentation merely showing that an appointment with her doctor had been recommended to Tina. The court concluded:

{¶ 59} "Upon being informed by the Court staff that the hearing would go forward as scheduled at 1:30 p.m. on Monday, September 21, 2009 the Plaintiff then attempted an (sic) new tactic to delay the hearing by faxing to the Court a hand written statement that she now had a medical appointment she needed to be at. The supporting document (copy attached) was simply a report that indicated she should follow up her visit to St. E's Urgent Care. The Plaintiff failed to show any evidence that she in fact had any follow up appointment with her family doctor. Both the plaintiff and Defendant had been granted a previous request to continue the case.

{¶ 60} "The Court finds this was an attempt by the Plaintiff to delay the proceedings and that the Defendant was entitled to have the matter heard as he continues to incur attorney fees and probably time off his work to attend the hearings. The Plaintiff was once again informed the hearing would go forward and she needed to be in Court to prosecute her motions.

{¶ 61} "Therefore the Court hereby denies the request to

continue the case.   The Court further orders all of the Plaintiff's motions filed February 24, 2009 are dismissed pursuant to Civ.R. 41(B)(1) for the failure of the Plaintiff to appear and go forward an (sic) present her case."  (Dkt. 294).

{¶ 62} Tina's failure to appear was not without explanation.  She had put reasons of health before the court in her motion for a continuance.  The court rejected those reasons, finding the grounds Tina submitted were insufficient to justify the continuance she requested, which the court found to be "an attempt by the Plaintiff to delay the hearings."  (Dkt. 294).  We cannot conclude that the court abused its discretion in so finding.

{¶ 63} However, the court could also order a dismissal pursuant to Civ.R. 41(B)(1) for Tina's resulting failure to prosecute her motions only after prior notice to Tina of the court's intention to do that, also allowing Tina sufficient time to explain her reasons or correct her failure.  The court's statement that its staff had "told [Tina] she needed to be here" does not demonstrate Tina was notified that her failure to appear could result in dismissal of her motions.  An examination of the record fails to demonstrate that any of the court's orders scheduling a hearing on Tina's motions contained any form of warning that her motions could be dismissed should Tina fail to appear.  The court abused its discretion in dismissing Tina's motions, absent that prior

notice.

{¶ 64} The three assignments of error in the brief Tina filed on March 1, 2010, and the first, second, and third assignments of error in the brief Tina filed on July 26, 2010, are sustained.

{¶ 65} The brief Tina filed on July 26, 2010, contains a fourth assignment of error, which states:

{¶ 66} "THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING ADDITIONAL REQUIREMENTS ON TINA BEFORE ACCEPTING ANY FURTHER PLEADINGS FOLLOWING THE SEPTEMBER 21, 2009 HEARING."

{¶ 67} The order from which the appeal in Case No. 2009CA76 was taken prohibits Tina from filing additional motions or pleadings unless she first pays any remaining court costs due and owing by her in the action.  Tina argues that the court's order unreasonably limits her constitutional right of access to the courts.

{¶ 68} Article I, §16 of the Ohio Constitution states: "All courts shall be open, and every person, for an injury done hin in his land, goods, person, or reputation, shall have remedy by due course of law and shall have justice administered without denial or delay."

{¶ 69} Having sustained the prior assignments of error, we will reverse and vacate the judgment from which the appeal was taken, including the court's order concerning Tina's obligation to pay

court costs. We are unaware of any provision in the law or rules of procedure that authorizes a court to prohibit a party from filing motions in an action until obligations to pay costs that have been imposed on the party are satisfied.

{¶ 70} R.C. 2303.08 authorizes the clerk of courts to "refuse to accept for filing any pleading or paper submitted for filing by a person who has been found to be a vexatious litigator under section 2323.52 of the Revised Code and who has failed to obtain leave to proceed under that section." The record does not reflect that the domestic relations court made a finding pursuant to R.C. 2323.52. The court may not impose a like limitation as a method of collecting unpaid court costs.

{¶ 71} The fourth assignment of error is sustained.

### Conclusion

{¶ 72} The domestic relations court's order of March 26, 2008, is Reversed, to the extent that it increased Tina's child support obligation to $341 per month from fifty dollars per month, but is Affirmed with respect to the finding of contempt made therein for Tina's failure to comply with that prior support obligation. The court's order of November 12, 2008, imposing a sentence upon that finding of contempt is likewise Affirmed.

{¶ 73} The domestic relations court's order of September 28, 2009, dismissing the three motions Tina filed, is also Reversed.

The case is remanded to the domestic relations court for further proceedings, consistent with this opinion.


FAIN, J. And DONOVAN, J., concur.

Copies mailed to:

Tina M. Musgrove
Anne Catherine Harvey, Esq.
Hon. Steven L. Hurley