[Cite as *In re J.S.*, 2012-Ohio-421.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

IN RE: J.S.                                        :

                                                   :        C.A. CASE NO.      24597

                                                   :        T.C. NO.      JC1997-0007

                                                   :     (Civil appeal from Common
                                                            Pleas Court, Juvenile Division)
                                                   :

                                                   :

                                        . . . . . . . . . .

                                   **O P I N I O N**

                    Rendered on the ___3rd___ day of ___February___, 2012.

                                        . . . . . . . . . .

RONALD D. KEENER, Atty. Reg. No. 0002145, 125 West Main Street, New Lebanon,
Ohio 45345
        Attorney for Appellant

ELIZABETH C. SCOTT, Atty. Reg. No. 0076045, 130 W. Second Street, Suite 1600,
Dayton, Ohio 45402
        Attorney for Appellee

                                        . . . . . . . . . .

DONOVAN, J.

        {¶ 1} This matter is before the Court on the Notice of Appeal of Angela Smith, filed

April 20, 2011.   Smith appeals from the March 22, 2011 juvenile court's decision which

adopted the magistrate's decision denying Smith's motion to retroactively modify child

support to March 10, 2003. Smith's motion was based upon her allegation that Antonia White, the father of Smith's son, J.S., failed to notify the Child Support Enforcement Agency ("SEA") that he had obtained employment on March 10, 2003.

{¶ 2} The record reveals that White, on October 22, 2002, filed a Motion to Reduce Child Support. On January 9, 2003, Smith filed a Motion for Contempt, asserting that White failed to notify the SEA of his change in employment status, income and address. On January 10, 2003, the SEA filed a Motion to Show Cause, asserting that an arrearage existed in child support in the amount of $11, 003.47. A hearing was held on February 3, 2003. On March 21, 2003, the court issued a Magistrate's Decision and Judge's Order determining that White was unemployed and modifying support, effective October 22, 2002, to the amount of $166.76 per month and $33.35 per month on the arrearage. The decision and order provides in part, "It is further ordered that the Obligor shall notify the SEA immediately, in writing, of any change in employment status or employer. This duty to notify the SEA shall continue until further notice of the Court, and a failure to provide such notification may make the Obligor liable for retroactive support that would have been ordered." It also provides, "It is further ordered that the Obligor and Obligee shall notify the other party immediately, in writing, of any change in status that would affect child support * * * ." After the juvenile court adopted the decision, no appeals were perfected. An Order to Seek Work was also issued.

{¶ 3} The magistrate held a hearing on April 15, 2003, on Smith's Motion to Show Cause, and a Magistrate's Decision and Judge's Order was issued on May 5, 2003, finding White in contempt. The Magistrate's Decision and Judge's Order notes that White lost his

job in April, 2002, and that he received unemployment compensation for several months. It further notes that although White worked for several temporary agencies since September, 2002, when he made his last child support payment, he did not report any of the temporary jobs to the SEA. Finally, White was sentenced to five days in jail, suspended, on the condition that he pay support, seek work and report each temporary agency or employer in writing to the SEA within 10 days of employment.

{¶ 4} On January 12, 2005, an Administrative Recommendation from the Administrative Adjustment Mistake of Fact Hearing was filed. It provides that Smith requested an administrative review of White's child support obligation on September 7, 2004, and that the review was conducted on November 9, 2004. Thereafter, Smith requested a Mistake of Fact Hearing. The recommendation provides that a hearing was initially set for December 10, 2004, and that Smith appeared, but that service was not perfected on White. The hearing was then set for January 3, 2005, and notice was mailed to both parties on December 16, 2004. Neither party appeared. The SEA's recommendation provided that White did not comply with the agency's original request for information and the only income figure available for White from previous employment was $600.00 a week, and therefore income in the amount of $31,200.00 a year was imputed to him. White's child support obligation was revised to $360.91 per month, along with $33.35 on the arrearage. The SEA recommended that a new/ amended non-employer notice to withhold be issued to Huntington National Bank in Columbus, Ohio, which occurred. An Addendum Withholding Notice provided that White must notify the SEA of any change in employment. On February 15, 2005 a Magistrate's Decision and Judge's Order Approving

an Administrative Adjustment was issued. The Magistrate's Decision and Judge's Order approving the recommendation provides in part that orders requiring an obligor to report any change in his employment status are "final and are enforceable by the Court."

{¶ 5} On November 12, 2009, Smith filed a Request for Mistake of Fact Hearing and Child Support Adjustment. On December 30, 2009, Smith filed a Motion to Show Cause, in which she asked the court to find White in contempt for "providing false, fraudulent and insufficient information to the Court, causing the Court to base previous child support orders on incorrect information," and for failing to provide requested discovery. On the same date she also filed a Motion and Memorandum, asking the court to impute income of $78,000.00 to White, "said sum being the average earnings made by [White] for the year 2003 through 2006." Smith further asserted that White "has repeatedly defrauded and deceived this Court as it relates to child support."

{¶ 6} On March 17, 2010, Smith filed Requests for Admission, attached to which are multiple exhibits, including Forms W-2 that indicate that White was employed by Jones Lang LaSalle Americas and earned $55,953.26 from March, 2003 until the end of the year; $88,440.16 in 2004; $94,590.05 in 2005; $105,140.30 in 2006; $102,751.80 in 2007; and $115,181.84 in 2008. Also attached is White's Form 1040 for the year 2009, which indicates that he earned, through the end of June in 2009, $57,028.00.

{¶ 7} On March 31, 2010, Smith filed a Memorandum in Support of Motion to Show Cause and a Motion Reassessing and Recalculating Child Support. Therein Smith asserts that White accepted a position with Jones Lang LaSalle American on March 10, 2003 with a base salary of $75,000.00 and an eligible target bonus of $7,500.00. The memorandum

further provides that White earned the above amounts in the years indicated.

{¶ 8} On May 17, 2010, a Joint Proffer of Evidence: Joint Statement of Facts for Submission was filed, containing each party's proffer of testimony. The Joint Proffer further provides that "the parties agree to admit as evidence and exhibits Plaintiff's Request for Admissions and Exhibits, as Defendant failed to deny the statements within the time prescribed by law." The Joint Proffer further provides that the attached child support computation worksheet "was calculated in court, and the figures used were agreed upon by both parties. The parties further agreed to an arrearage repayment of 20% monthly." A child support audit is also attached, and the Joint Proffer states that the audit was provided by the attorney for the SEA and "is agreed upon by the parties to be submitted for purposes of the child support arrearage." The Joint Proffer provides that the parties agree to notify each other and the SEA of any change in employment or income. Finally, the Joint Proffer provides that Smith's motion for contempt and request for attorney fees is withdrawn.

{¶ 9} On May 19, 2010, Smith filed a Supplemental Memorandum, and on May 26, 2010, White responded, asserting that R.C. 3119.83 prohibits a retroactive modification of child support, and that White satisfied his obligation to the court and the SEA by notifying them that he was employed.

{¶ 10} A Magistrate's Decision and Judge's Order was issued on July 23, 2010, and an Amended Magistrate's Decision and Judge's Order was issued on October 12, 2010. The magistrate noted that White became employed on March 10, 2003, at a base salary of $75,000.00 per year. The magistrate noted that White did not notify the SEA or Smith in writing of his employment change, and that he may or may not have notified the SEA by

phone. The magistrate noted that transcripts of the hearings on White's motion to reduce child support and Smith's motion to show cause were not filed with the court, and that it "cannot be determined what the testimony of any party was at those hearings." The magistrate further found that it cannot be determined from the Joint Proffer when Smith learned that White obtained the March 10, 2003 employment. According to the magistrate, "[n]o party filed a motion to show cause to find the obligor in contempt for failure to abide by the court order to report his change of employment in writing" to the agency or to White. The magistrate noted that at the time of the February 3, 2003 hearing, White was not employed and was receiving unemployment benefits, and that the decision of March 21, 2003 was based on the current income of both parties.

{¶ 11} The magistrate then concluded that R.C. 3119.83 prohibits the retroactive modification of child support and does not contain an exception for fraud or failure to notify the agency or the obligee in writing of any changes in income or employment. The magistrate further concluded that the only exception determined by law is modification if the parties agree to it, in reliance upon *Byrd v. Knuckles,* 120 Ohio St.3d 428, 2008-Ohio-6318. Finally, the magistrate determined that the "modification requested would have child support modified 6 years and 9 months prior to the motion for modification." The magistrate noted that the parties submitted an agreed child support computation worksheet, and determined that the "lack of computation sheets for the requested back years of child support is not determinative in this case, however, because the matter is determined on the requirements of R.C. 3119.83, which prohibits retroactive child support orders." The court overruled Smith's motion for retroactive child support, and held that "the child support based upon the

agreed submission of facts contained in the joint computation sheet is ordered effective the date the motion to modify was filed."

{¶ 12} In her Objections to the Magistrate's Decision and Judge's Order, Smith argued that R.C. 3119.83 addresses child support due and unpaid and does not apply to her motion, in which she sought to establish a correct child support obligation. Smith also argued that R.C. 3119.83 violates the U.S. and Ohio Constitutions.

{¶ 13} White also objected to the magistrate's decision, arguing that "the amended child support figure should have been effective October 1, 2009, not December 30, 2009." White also responded to Smith's objections. Smith then filed a response.

{¶ 14} The juvenile court noted the magistrate's finding that White became employed on March 10, 2003, at a salary of $75,000.00 a year, but that White failed to notify the SEA in writing of the change in his employment status. The court further noted the magistrate's finding that at the time of the February 3, 2003 hearing, White was unemployed, and that the decision issued on March 21, 2003 was based on the then current income of the parties. The court also noted the magistrate's conclusion that R.C. 3119.83 prohibits retroactive modification of child support, and that Smith asked the court to modify child support owed by White to March 10, 2003, the date he obtained employment, and not December 30, 2009, the date of the most recent motion to modify. The court noted that the magistrate "ordered that the child support based upon the agreed submission of facts contained in the joint computation sheet is effective the date the motion to modify was filed."

{¶ 15} After reviewing the parties' objections, the court then found that:

[R]etroactive modification of child support is prohibited under R.C. § 3119.83. *Byrd v. Knuckles* (2008), 2008 Ohio 6318. R.C. § 3119.83 prohibits the retroactive modification of delinquent child support except as to the time period between the filing of a motion for a modification and a final order. This statute governs retroactive modification and this Court does not have the authority to not (sic) modify support payments until a motion to modify has been filed. Once the motion is filed, the Court can take into account the current facts in the case at hand. Therefore, the Mother's objection is overruled.

With respect to the Father's objection regarding the date which the child support order should relate back, this Court overrules the same. Under R.C. § 3119.71(B), "[I]f the obligor or obligee requests a court hearing on the revised child support amount and the court, after conducting a hearing, modifies the court child support amount under the order, the modifications shall relate back to the first day of the month following the date on which the review of the court child support order began." Here, Mother filed a Request for a Mistake of Fact Hearing and Child Support Adjustment on November 12, 2009. Therefore, the Father's objection is

overruled.

{¶ 16} The court then adopted the magistrate's decision.

{¶ 17} We note that on July 27, 2011, White filed a motion to dismiss Smith's appeal, arguing that Smith failed to file the "lower court's record." Counsel for Smith filed a Memorandum Contra, asserting that he was never served with the motion to dismiss, and that the record is complete in its current state. White's motion to dismiss was overruled by this Court.

{¶ 18} Smith asserts seven assignments of error. Her first assignment of error is as follows:

{¶ 19} "THE COURT INCORRECTLY INTERPRETED THE PROVISIONS OF O.R.C. § 3119.83 DEALING WITH DELINQUENT SUPPORT PAYMENTS."

{¶ 20} R.C. 3119.83[1] provides: "Except as provided in section 3119.84 of the Revised Code, a court or child support enforcement agency may not retroactively modify an obligor's duty to pay a delinquent support payment." R.C. 3119.84 provides: "A court with jurisdiction over a court support order may modify an obligor's duty to pay a support payment that becomes due after notice of a petition to modify the court support order has been given to each obligee and to the obligor before a final order concerning the petition for modification is entered."

{¶ 21} "[N]ormally, a trial court may retroactively modify a child-support award so that it becomes effective on the date that the motion to modify child support was filed.

---

[1] This rule was originally codified at R.C. 3113.21(M)(3)-(4) and was repealed and renumbered effective March 22, 2001 as R.C. 3119.83 and 3119.84.

Nevertheless, a trial court may modify non-delinquent child support obligations retroactively to a date prior to the filing of the motion to modify if special circumstances are demonstrated." *Torbeck v. Torbeck*, Ist Dist. No. C-010022, 2001 WL 1251219 (Sept. 28, 2001). Where "there is proof of fraud, such a retroactive modification may be ordered." Id.

{¶ 22} In *Leffel v. Leffel*, 2nd Dist. Clark No. 97-CA-20, this Court determined that "[e]quity cannot sanction a party reaping the benefits of his own scheme to defraud the court and thereby avoid obligations under the law." This Court affirmed the award of a retroactive increase in child support to remedy the obligor's fraudulent use of a "sweetheart contract" to disguise his increase in income by deliberately re-directing part of that income to his new wife. Leffel had been ordered to report his employment status to the SEA, "and he did so by providing them with information that maintained the deception. When Mr. Leffel permitted the court to issue an order based upon the [SEA's] recommendations, he perpetrated the fraud." This court determined, "[b]y its terms, R.C. 3113.21(M)(3)-(4) applies only to 'delinquent support payments' and therefore, is not applicable to the present case." This Court concluded that the statute applies "to prevent delinquent obligors from raising defenses to payments after they become due." This Court further concluded that the "present case, where the court ordered payments that would otherwise have been due had the obligor not perpetrated a ruse upon the court and the obligee, involves an altogether different issue and, for that reason, falls outside the statute's ban."

{¶ 23} This Court went on to distinguish *Leffel* from cases wherein the obligors attempt to retroactively modify payments that were already in arrears; while an obligor can

seek immediate modification of future payments due to a change in circumstances, "an obligee who has been kept in the dark about the obligor's increase in income" does not have that power. Where "child support payments are involved, a rule against retroactive corrections would deprive the child of properly due support and reward the obligor for his dishonesty. Consequently, such a rule would conflict with the primary duty of courts in custody matters to protect the best interest of the child." See also *Balazs v. Balazs* (Aug. 15, 1997), 2nd Dist. Montgomery No. 16096 (affirming retroactive modification to the date of the obligor's re-employment where obligor failed to notify the court of his return to work despite being under court order to do so); *Hakhamaneshi v. Shabani*, 7th Dist. Columbiana No. OO CO 36, 2001-Ohio-3292 (affirming retroactive increase in non-delinquent child support obligation to the date obligor obtained re-employment).

{¶ 24} White directs our attention to *Harless v. Lambert*, 4th Dist. Meigs No. 06CA6, 2007-Ohio-2207, and he asserts that it is analogous to the matter herein. We disagree. In *Harless*, the obligee appealed from the juvenile court's denial of her request to retroactively modify the obligor's child support obligation. The Fourth District affirmed the lower court's judgment. Unlike Smith, the obligee in *Harless* specifically disclaimed fraud or wrongdoing on the part of the obligor, and the Fourth District determined that a retroactive modification under those circumstances would be inconsistent with the reasoning in *Osborne*. The court further found *Harless* to be factually distinguishable from *Leffel* and *Hakhamaneshi* due to the allegations of fraud therein.

{¶ 25} As in *Leffel*, we conclude that the matter herein falls outside the statutory ban against modification of an arrearage in R.C. 3119.83. White was repeatedly ordered to

report changes in his employment to the SEA in writing, and there is nothing in the record before us to establish that he did so. White also did not provide the SEA with current income information as requested for the administrative review in 2005, and the income imputed to him was less than the income he was earning, a fact of which he was undoubtedly aware. Because it appears from the record that a hearing to recalculate White's child support obligation will be necessary, we remand the case to the trial court for further proceedings consistent with this opinion. The judgment of the trial court is reversed and remanded for further proceedings.

{¶ 26} Smith's remaining assignments of error are as follows:

{¶ 27} "THE INTERPRETATION OF O.R.C. § 3119.83 OF THE OHIO REVISED CODE ADOPTED BY THE TRIAL COURT IS IN VIOLATION OF THE UNITED STATES CONSTITUTION REGARDING THE 14TH AMENDMENT, SECTION 1," And,

{¶ 28} "THE INTERPRETATION OF O.R.C. § 3119.83 ADOPTED BY THE TRIAL COURT IS IN VIOLATION TO ARTICLE 1, SECTION 16 OF THE BILL OF RIGHTS OF THE OHIO CONSTITUTION," And,

{¶ 29} "THE INTERPRETATION OF O.R.C. § 3119.83 OF THE OHIO REVISED CODE ADOPTED BY THE TRIAL COURT VIOLATES THE PROVISIONS OF ARTICLE 1, SECTION 19 OF THE BILL OF RIGHTS OF THE OHIO CONSTITUTION," And,

{¶ 30} "THE INTERPRETATION OF O.R.C. § 3119.83 OF THE OHIO REVISED CODE ADOPTED BY THE TRIAL COURT VIOLATES ARTICLE 1, SECTION 10(a) OF THE OHIO CONSTITUTION," And,

{¶ 31} "THE INTERPRETATION OF O.R.C. § 3119.83 OF THE OHIO REVISED CODE ADOPTED BY THE TRIAL COURT IS IN VIOLATION OF ARTICLE 2, SECTION 26 OF THE OHIO CONSTITUTION," And,

{¶ 32} "THE INTERPRETATION OF O.R.C. § 3119.83 OF THE OHIO REVISED CODE AS ADOPTED BY THE TRIAL COURT BELOW IS IN VIOLATION OF ARTICLE 2, SECTION 28 OF THE OHIO CONSTITUTION."

{¶ 33} Given our resolution of Smith's first assigned error, we need not address her remaining assignments of error. Judgment reversed and remanded.

. . . . . . . . . .

HALL, J., concurs.

GRADY, P.J. concurring:

{¶ 34} I agree that R.C. 3119.83 does not govern the matter at issue in this case. R.C. 3119.83 prohibits orders "retroactively modify(ing) an obligor's duty to pay a delinquent support payment." That terminology contemplates the existence of an arrearage in an amount of child support the obligor was previously ordered to pay. The obligee, Smith, complains that the obligor, White, failed to report an increase in his income that would have resulted in an increase in his child support obligation. White's failure to report both avoided an increase and prevented any arrearage or delinquency that could have arisen from an increase in the support he was ordered to pay.

{¶ 35} The section that more properly governs Smith's request for retroactive support is R.C. 3119.84, which became effective on March 22, 2001. That section authorizes an order granting a motion to modify and increasing an existing child support obligation

retroactively, but only to the earlier date on which notice of the motion was served on the obligor. The canon of construction "expressio unius est exclusio alterius," expression of one thing suggests the exclusion of others, supports a conclusion that R.C. 3119.84 prohibits the modification retroactive to the earlier date on which White's income increased, which Smith requests.

{¶ 36} R.C. 3119.84 enforces the due process right of prior notice, permitting a motion to modify child support to serve that purpose. Due process rights can be waived, however. *D.H. Overmyer Co. Inc., of Ohio v. Frick Co.*, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972); *State ex rel. Allstate Insurance Co. v. Bowen*, 130 Ohio St. 347, 199 N.E. 355 (1936). It could be argued that White waived the right of prior notice that R.C. 3119.84 confers when he failed to report an increase in his income the court had ordered him to report. In that circumstance, and so long as White now has an opportunity to show why an increase in support should not be retroactive to the date his income increased, the court may so order in the exercise of the full equitable powers in domestic relations matters that R.C. 3105.011 confers.

. . . . . . . . . .

Copies mailed to:

Ronald D. Keener
Elizabeth C. Scott
Hon. Anthony Capizzi