[Cite as *In re K.A.V.*, 2014-Ohio-5575.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY   COUNTY

| | | | |
|---|---|---|---|
| IN RE: | : | | |
| | | : | Appellate Case No. 26312 |
| K.A.V. | : | | |
| | | : | Trial Court Case No. 2013-2026 |
| | | : | |
| | | : | (Juvenile Appeal from |
| | | : | Common Pleas Court) |
| | | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of December, 2014.

. . . . . . . . . . .

THOMAS A. McCORMACK, Atty. Reg. #0015570, McCormack Family Law, The Superior Building, Suite 1915, 815 Superior Avenue East, Cleveland, Ohio 44114
        Attorney for Appellant, L.V.

D.S.H.
        Appellee, *pro se*

. . . . . . . . . . . . .

HALL, J.

{¶ 1}    L.V. (Father) appeals from the trial court's dismissal without prejudice of his motion to modify child support for failure to prosecute.

{¶ 2}    In his sole assignment of error, Father contends the trial court erred when it adopted a magistrate's decision dismissing his motion.

{¶ 3}    The record reflects that Father is the obligor under an Alaska child-support order. The obligee is appellee D.H. (Mother), the mother and legal custodian of the parties' child. In March 2013, Father filed a motion in the trial court to register the Alaska child-support order. (Doc. #18). The motion alleged that Father is on active military duty and that Mother resides with the parties' child in Dayton, Ohio. In April 2013, Father filed a motion in the trial court to modify his child-support obligation. (Doc. #15). The issue originally was set to be heard on May 29, 2013. It was continued to September 20, 2013 and then to November 27, 2013. (Doc #10-11, 14). On November 21, 2013, Father moved to continue the hearing again. The motion stated:

> Plaintiff * * * respectfully moves the Court to continue the hearing set for 27 November 2013 at 1:30 p.m. before Magistrate John F. Kolberg for the reason that his current overseas deployment as a Civil Affairs Specialist in the United States Army Special Operations Forces is a high-security posting and the present operational environment does not permit him to appear by either video or telephone conferencing; nor can he obtain leave at this time.

(Doc. #7).

{¶ 4}    The next entry in the record is a December 6, 2013 decision and order

sustaining Father's motion to register the Alaska support order. (Doc. #6). Following that entry is a December 20, 2013 magistrate's decision dismissing Father's motion to modify his child-support obligation. The magistrate's decision stated:

> This case came before Magistrate John F. Kolberg on November 27, 2013 for a hearing regarding the motion to modify support.
>
> And for good cause shown, it is ordered that the same be and hereby is dismissed without prejudice because the Petitioner is deployed. Upon his return he may re-file, all filing fees will be waived.

(Doc. #5).

**{¶ 5}** Father filed timely objections to the magistrate's decision. (Doc. #4). In support, he argued that dismissal was unnecessary and premature because the time for disposing of the motion under guidelines established by the Ohio Supreme Court had not expired. He also cited R.C. 3119.79(A) for the proposition that his request for modification obligated the trial court to calculate his then-current support obligation. In addition, he asserted that dismissal would be prejudicial insofar as it would cause him to lose the retroactive effect of any support modification. Finally, he maintained that the magistrate could have stayed the matter pending termination of his deployment or could have directed him to appear through a military power of attorney. (*Id.*).

**{¶ 6}** On June 14, 2014, the trial court overruled Father's objections and adopted the magistrate's decision. (Doc. #3). In so doing, the trial court invoked Civ.R. 41(B)(1) and found dismissal warranted for failure to prosecute.[1] The trial court also addressed and rejected Father's

---

[1] Although Father did not specifically address Civ.R. 41(B)(1) in his objections, we note that the magistrate's decision did not cite the rule or explicitly rely on it either. Because the trial court first invoked Civ.R.

specific arguments. Finally, the trial court reiterated that the dismissal was without prejudice and that Father could re-file his motion upon returning from deployment.

{¶ 7} On appeal, Father contends the trial court erred in finding dismissal proper under Civ.R. 41(B)(1). He argues that it is an abuse of discretion to enter a Civ.R. 41(B)(1) dismissal without prior notice to the affected party. Father also asserts that the magistrate previously had told his attorney that his motion for a continuance would be granted.[2] Father insists that if he had known dismissal under Civ.R. 41(B)(1) was coming instead, he would have moved for a stay and would have invoked certain rights under the federal Servicemembers Civil Relief Act. As he did below, Father also maintains that dismissal of his motion is contrary to public policy and was not required under Ohio Supreme Court guidelines governing the disposition of motions. For her part, Mother has not provided us with an appellate brief.

{¶ 8} Upon review, we find it necessary to resolve two issues: (1) whether the dismissal of Father's motion without prejudice constitutes a final, appealable order and (2) if so, whether the sua sponte dismissal without prior notice to Father was an abuse of discretion.

{¶ 9} With regard to the former issue, the general rule is that an involuntary dismissal without prejudice is not appealable. *See*, *e.g.*, *Bank of Am. v. Bruggeman*, 2d Dist. Montgomery No. 25763, 2014-Ohio-1273, ¶ 9; *Corn v. Whitmere*, 183 Ohio App.3d 204, 2009-Ohio-2737, 916 N.E.2d 838, ¶ 46 (2d Dist.); *Ebbets Partners, Ltd. v. Day*, 17 Ohio App.3d 20, 2007-Ohio-1667, 869 N.E.2d 110, ¶ 11 (2d Dist.); *State ex rel. DeDonno v. Mason*, 128 Ohio St.3d 412, 2011-Ohio-1445, 945 N.E.2d 511. This is so because the dismissal leaves the parties

---

41(B)(1) when overruling Father's objections, we believe the rule's applicability is properly before us.

[2]The record lacks evidence supporting this assertion.

in the same position as if the dismissed matter never had been filed. *Bruggeman* at ¶ 9. Under certain circumstances, however, that fact itself can prejudice the affected party and give rise to an appealable order.

{¶ 10}   One such circumstance has been found where a trial court dismisses a motion to recalculate or modify child support. In *Smith v. Smith*, 5th Dist. Fairfield No. 2008 CA 00030, 2009-Ohio-3978, the appellant father moved for modification of appellee mother's child-support obligation years after the original support order. *Id.* at ¶ 7. The mother sought dismissal of the motion due to a discovery violation. The father requested a continuance of a hearing on his motion due to health problems.   The trial court ultimately dismissed the motion without prejudice to re-submission through the appropriate support-enforcement agency. *Id.* at ¶ 10-22. On appeal, the Fifth District concluded that the dismissal was an appealable order. It reasoned:

> We find that the trial court's March 10, 2008, Entry involuntarily dismissing appellant's motion was a final, appealable order. Appellant, in such motion, requested a modification of child support. An order modifying child support cannot be retroactive beyond the date that a motion for modification of child support is made. *Tobens v. Brill* (1993), 89 Ohio App.3d 298, 304, 624 N.E.2d 265. Thus, while appellant may be able to refile his Motion for Child Support, he will only be entitled to child support from the date of the filing of the new motion forward. Appellant's right to child support from November 13, 2006, the date that he initially filed his child support motion, until the date any new motion is filed, therefore, was extinguished and could not be reasserted.

*Id.* at ¶ 41.

**{¶ 11}** Similarly, in the present case, the trial court's dismissal of Father's motion likely extinguished the opportunity to have his child-support obligation reduced retroactive to April 29, 2013, the date he filed his motion.[3] Although the dismissal without prejudice did not preclude him from re-filing, he would be entitled only to a support reduction retroactive to the date of a new motion. Father's loss of the remedy of a reduction in his child-support obligation retroactive to April 29, 2013 qualifies as a "substantial right" under R.C. 2505.02(A)(1), which defines such a right to include a right that a statute or the common law entitles a person to enforce or protect. In this regard, "'a court order which deprives a person of a remedy which he would otherwise possess deprives that person of a substantial right.'" *Legg v. Fuchs*, 140 Ohio App.3d 223, 746 N.E.2d 1195 (8th Dist.2000), quoting *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St. 3d 86, 88, 541 N.E.2d 64, 67 (1989); *see also MB West Chester, LLC v. Butler County Bd. Of Revision*, 126 Ohio St.3d, 2010-Ohio-3781, 934 N.E.2d 928, ¶ 14 (recognizing that an order affects a substantial right when, if not immediately appealable, it would foreclose appropriate relief in the future).

**{¶ 12}** In *Goddard-Ebersole v. Ebersole*, 2d Dist. Montgomery No. 23493, 2009-Ohio-6581, this court recognized that "'absent some special circumstance, an order of a trial court modifying child support should be retroactive to the date such modification was first requested.'" (Citation omitted) *Id.* at ¶ 8. In the same vein, R.C. 3119.84 provides that "[a] court with jurisdiction over a court support order may modify an obligor's duty to pay a support payment that becomes due after notice of a petition to modify the court support order has been

---

[3]The general rule is that a child-support obligation only may be modified retroactive to the date a motion to modify was filed. *In re J.S.*, 2d Dist. Montgomery No. 24597, 2012-Ohio-421, ¶ 21. Under extraordinary, namely fraud by a party, this court has recognized that modification may be made retroactive prior to the date a motion to modify was filed. *Id.*

given to each obligee * * * ."[4] Here the trial court's dismissal of Father's motion deprived him of the available remedy of a child-support modification retroactive to April 29, 2013. Therefore, the trial court's order affected a substantial right.

{¶ 13} We also believe the proceeding below qualified as a "special proceeding," which is defined in R.C. 2505.02(A)(2) as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." This court has recognized that "[m]otions to modify child support are special proceedings" under R.C. 2505.02(A)(2). *Worch v. Worch*, 2d Dist. Darke No. 98 CA 1477, 1999 WL 375595, *3 (June 11, 1999), citing *Koroshazi v. Koroshazi*, 110 Ohio App.3d 637, 640, 674 N.E.2d 1266 (9th Dist.1996); *see also Jennings v. Hall*, 12th Dist. Butler No. CA2012-12-259, 2013-Ohio-1731, ¶ 6 ("Matters within the juvenile court setting child support are special proceedings.").

{¶ 14} Based on the foregoing analysis, we hold that the trial court's dismissal of Father's motion is an appealable order under R.C. 2505.02(B)(2) because it is "[a]n order that affects a substantial right made in a special proceeding[.]"[5]

{¶ 15} Having found the existence of an appealable order, we turn now to the trial court's reliance on Civ.R. 41(B)(1) to justify dismissal for failure to prosecute. That rule provides: "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's

---

[4]Although Father only had the potential for a reduction in his child-support obligation prior to the trial court's dismissal of his motion, a "substantial right" includes the right to "potential recovery" against another party. *See*, *e.g.*, *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St. 3d 352, 355, 617 N.E.2d 1136, 1139 (1993) ("The order given in this case certainly affects a *substantial right,* that being potential recovery against an alleged tortfeasor.").

[5]In light of this determination, we need not decide whether the trial court's dismissal of Father's motion also qualifies as an appealable order under R.C. 2505.02(B)(1) as "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment."

counsel, dismiss an action or claim."[6] Father argues that the trial court's dismissal of his motion under Civ.R. 41(B)(1) was improper because he did not receive the prior notice required by the rule. We agree.

{¶ 16} An involuntary dismissal under Civ.R. 41(B)(1) for want of prosecution constitutes an abuse of discretion where the affected party does not receive notice of the impending dismissal. This is true regardless of whether the dismissal is with or without prejudice, as the rule makes no distinction. *See*, *e.g.*, *Svoboda v. Brunswick*, 6 Ohio St.3d 348, 350, 453 N.E.2d 648 (1983); *Hillabrand v. Drypers Corp.*, 87 Ohio St.3d 517, 518, 721 N.E.2d 1029 (2000). Here the record does not reflect the required notice to Father before the dismissal of his motion. Accordingly the trial court was incorrect in finding the dismissal proper under Civ.R. 41(B)(1). *Svoboda* at 350. Father's assignment of error is sustained.

{¶ 17} The trial court's judgment is reversed, and the cause is remanded for further proceedings.

. . . . . . . . . . . .

FROELICH, P.J., and DONOVAN, J., concur.

---

[6]On its face, Civ.R. 41(B)(1) applies only to the dismissal of "an action or claim." Whether the rule applies by analogy to the dismissal of a motion is the subject of disagreement. *See*, *e.g.*, *Bank One of Mansfield v. Walker*, 5th Dist. Richland No. 03-CA-08, 2003-Ohio-2707, ¶ 7-8 (applying the notice requirement of Civ.R. 41(B)(1) to the dismissal of a motion for failure to prosecute); *Phelps v. Phelps*, 3d Dist. Union No. 14-77-12, 1978 WL 215761, *2 (finding that the rule "would be applicable, in appropriate circumstances, to a motion"); *In re S.M.*, 8th Dist. Cuyahoga No. 81566, 2004-Ohio-1243, ¶ 39 ("Civ.R. 41(B) permits a trial court to dismiss an action or claim for a party's failure to comply with any court order after proper notice to the party. Civ.R. 41(B), by its very terms, applies only to the dismissal of an *action or claim*, not to the denial of a *motion* for want of prosecution."). In *Musgrove v. Helms*, 2d Dist. Greene Nos. 08CA96, 09CA76, 2011-Ohio-1614, this court applied Civ.R. 41(B)(1)'s notice requirement to the trial court's dismissal of three motions for failure to prosecute. One of those motions was a motion to modify child support. *Id.* at ¶ 49. This court applied Civ.R. 41(B)(1) without explicitly addressing the distinction between a motion and "an action or claim." *Id.* at ¶ 50-63. For present purposes, we will similarly assume that Civ.R. 41(B)(1) applies to a motion to modify child support because that rule was the basis of the dismissal in the trial court below and the Father's argument on appeal.

Copies mailed to:

Thomas A. McCormack
D.S.H.
Hon. Anthony Capizzi