WILHELM-KISSINGER, APPELLEE, *v.* KISSINGER, APPELLANT.

[Cite as *Wilhelm-Kissinger v. Kissinger,* 129 Ohio St.3d 90, 2011-Ohio-2317.]

*Final, appealable order — R.C. 2505.02(B)(2) — An order denying a motion to disqualify counsel in a divorce proceeding is not a final, appealable order.*

(No. 2010-0992 — Submitted February 16, 2011 — Decided May 19, 2011.)

CERTIFIED by the Court of Appeals for Summit County, No. 25105.

————————————

SYLLABUS OF THE COURT

The denial of a motion to disqualify counsel in a divorce proceeding is not a final, appealable order.

————————————

MCGEE BROWN, J.

{¶ 1} Jeffrey R. Kissinger, appellant, appeals from a decision of the Ninth District Court of Appeals, which determined that the trial court's denial of his motion to disqualify opposing counsel was not a final, appealable order. We accepted jurisdiction to resolve a conflict in the courts of appeals. *Wilhelm-Kissinger v. Kissinger*, 125 Ohio St.3d 1461, 2010-Ohio-2753, 928 N.E.2d 737. The certified question before us is "Whether the denial of a motion to disqualify counsel in a divorce proceeding affects a substantial right and is a final and appealable order."

{¶ 2} Consistent with the decision below, we hold that the denial of a motion to disqualify opposing counsel in a divorce proceeding is not a final, appealable order under R.C. 2505.02(B)(2). Accordingly, we answer the certified question in the negative and affirm the judgment below.

**Facts and Procedural History**

**{¶ 3}** This appeal stems from divorce proceedings involving Kissinger and appellee, Beth A. Wilhelm-Kissinger. During the proceedings, a dispute arose regarding allegedly illegally obtained and privileged e-mail messages between Kissinger and his attorney that Wilhelm-Kissinger had apparently taken from Kissinger's computer and given to her attorney. Kissinger moved the Summit County Court of Common Pleas Domestic Relations Division to disqualify Wilhelm-Kissinger's attorney. After a hearing in which Wilhelm-Kissinger's attorney reported that he never sought or reviewed any of the e-mail messages in question, the trial court denied the disqualification motion, and Kissinger appealed.

**{¶ 4}** The Ninth District Court of Appeals dismissed Kissinger's appeal, determining that it had no jurisdiction because the denial was not a final, appealable order under R.C. 2505.02(B)(4) ("An order is a final order that may be reviewed * * * [if it] grants or denies a provisional remedy"). Kissinger moved for reconsideration, arguing that the denial constituted a final, appealable order under R.C. 2505.02(B)(2) ("An order is a final order that may be reviewed * * *[if it] affects a substantial right made in a special proceeding * * *"). The Ninth District Court of Appeals upheld its decision to dismiss the appeal. *Wilhelm-Kissinger v. Kissinger* (Apr. 15, 2010), Summit App. No. 25105. Kissinger then moved the court of appeals to certify a conflict between its reconsidered decision and the decision of the Tenth District Court of Appeals in *Crockett v. Crockett*, Franklin App. No. 02-AP-482, 2003-Ohio-585. In *Crockett*, the Tenth District Court of Appeals concluded that in light of the "well-established [principle] that the denial of a motion to disqualify counsel affects a substantial right," as well as the nature of "[d]ivorce [as] purely a matter of statute," the denial of a motion to disqualify opposing counsel is final and appealable under R.C. 2505.02(B)(2). Id. at ¶ 9-10. The Ninth District Court of Appeals certified the conflict, and we accepted jurisdiction over the appeal.

**Analysis**

{¶ 5}   Ohio's courts of appeals have jurisdiction "to review and affirm, modify, or reverse final orders."   Section 3(B)(2), Article IV, Ohio Constitution. R.C. 2505.02 sets forth several types of final, appealable orders.   The present appeal involves the category defined by R.C. 2505.02(B)(2), which makes an "order that affects a substantial right made in a special proceeding" a final, appealable order.

{¶ 6}   A "[s]pecial proceeding" is "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity."   R.C. 2505.02(A)(2).   Therefore, divorce, a statutory matter that did not exist at common law, qualifies as a special proceeding.  *State ex rel. Papp v. James* (1994), 69 Ohio St.3d 373, 379, 632 N.E.2d 889 (identifying divorce as a "special statutory proceeding" under R.C. 2505.02(B)(2) because "[t]here was no common-law right of divorce.  Divorce is purely a matter of statute").

{¶ 7}   An order affects a substantial right for the purposes of R.C. 2505.02(B)(2) only if an immediate appeal is necessary to protect the right effectively.  *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (To prevail in contending that an order affects a substantial right, "appellants must demonstrate that in the absence of immediate review of the order they will be denied effective relief in the future").   Covered rights include any "right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect."   R.C. 2505.02(A)(1).

{¶ 8}   We have previously held that a decision *granting* a motion to disqualify opposing counsel is a final, appealable order that a party deprived of counsel can appeal immediately.  See *Russell v. Mercy Hosp.* (1984), 15 Ohio St.3d 37, 39, 15 OBR 136, 472 N.E.2d 695 ("in the civil context, the grant of a

motion to disqualify counsel * * * constitutes a final appealable order under R.C. 2505.02"). See also *State v. Chambliss*, 128 Ohio St.3d 507, 2011-Ohio-1785, 947 N.E.2d 651, syllabus ("A pretrial ruling removing a criminal defendant's retained counsel of choice is a final order subject to immediate appeal"). We now address whether in the special proceeding of divorce, an order *denying* a motion to disqualify opposing counsel also qualifies as a final, appealable order under R.C. 2505.02(B)(2).

{¶ 9} Orders granting and denying disqualification of counsel differ in two key respects. First, an order granting disqualification immediately and definitely affects the party it deprives of chosen counsel; the purpose of appealing such an order is to prevent the removal itself. By contrast, an order denying disqualification, standing alone, affects no right held by the unsuccessful movant because there is no substantial right to disqualify opposing counsel.

{¶ 10} Second, an order granting disqualification typically imposes a permanent effect because it is unlikely to be reconsidered as a trial progresses. *Russell*, 15 Ohio St.3d at 41, 15 OBR 136, 472 N.E.2d 695, quoting *Firestone Tire & Rubber Co. v. Risjord* (1981), 449 U.S. 368, 380, 101 S.Ct. 669, 66 L.Ed.2d 571 (Rehnquist, J., concurring), quoting *Cohen v. Beneficial Indus. Loan Corp.* (1949), 337 U.S. 541, 546-547, 69 S.Ct. 1221, 93 L.Ed. 1528 (" [U]nlike the denial of a motion disqualifying counsel, which is ' "subject to reconsideration from time to time" ' during the progress of the trial, a trial court, for all practical purposes, will be unlikely to ever have an opportunity to change its ruling granting disqualification"). Therefore, a grant of a motion to disqualify counsel must be appealed immediately or its effect will be irreversible. An order denying disqualification, however, lacks a similarly permanent effect. See *Russell* at 41 ("In contrast to a motion denying disqualification, a motion so granting is necessarily more conclusive. * * * It has irreparable and unreviewable consequences for the individual who hired the disqualified counsel as well as for

4

disqualified counsel"). That order may be revisited throughout trial, and the party seeking disqualification may pursue other avenues, such as disciplinary proceedings, to address any improprieties that occur.

{¶ 11} With these differences in mind, we cannot conclude that an order denying disqualification in the divorce context requires immediate appeal to ensure the protection of a substantial right. Accordingly, although it occurs in a special proceeding, such a denial is not a final, appealable order under R.C. 2505.02(B)(2).

**Conclusion**

{¶ 12} We hold that in the context of divorce proceedings, the denial of a motion to disqualify counsel is not a final, appealable order under R.C. 2505.02(B)(2). In so holding, we follow the reasoning of the Ninth District Court of Appeals concerning such a denial, which does not affect a substantial right in a special proceeding. Therefore, we answer the certified question in the negative and affirm the judgment of the Ninth District Court of Appeals.

Judgment affirmed.

PFEIFER, ACTING C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

O'CONNOR, C.J., not participating.

_____

Goldman & Rosen, Ltd., Gary M. Rosen, and Mark A. Riemer, for appellant.

_____