[Cite as *Alman v. Alman*, 2017-Ohio-8659.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 104951

## DEBORAH ALMAN

PLAINTIFF-APPELLEE

vs.

## JEFFREY J. ALMAN

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-14-351618

**BEFORE:** Stewart, J., E.A. Gallagher, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** November 22, 2017

**ATTORNEY FOR APPELLANT**

Brent L. English
Law Offices of Brent L. English
The 820 Building, 9th Floor
820 Superior Avenue, West
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Joseph G. Stafford
Nicole A. Cruz
Hannah R. Pasku
Stafford & Stafford Co., L.P.A.
55 Erieview Plaza, 5th Floor
Cleveland, OH 44114

MELODY J. STEWART, J.:

**{¶1}** In a pretrial order issued in a pending divorce case between plaintiff-appellee Deborah Alman and defendant-appellant Jeffrey Alman, the domestic relations court acted on its own to order Jeffrey to sell three parcels of real estate at auction with the proceeds held in escrow. Jeffrey appeals, arguing that the court ordered the sale of the real estate to satisfy his outstanding obligation to pay $30,000 (at the time) for retroactive, temporary spousal support, but abused its discretion by ordering the pretrial sale of the property without giving him an opportunity to liquidate other assets that could satisfy the support obligation. We stayed the order of sale pending appeal.

**{¶2}** Before addressing the substantive issues on appeal, we consider Deborah's argument that the order of sale is nonfinal because the order of sale required the proceeds to be held in escrow, thus contemplating further action by the court. She made this same argument prior to commencement of briefing in a motion to dismiss the appeal. We denied the motion to dismiss on grounds that the order of sale constituted a final order. *See* Motion No. 500658 (Oct. 28, 2016). Although we conclude that her renewed argument continues to lack merit, we address the issue to give a more detailed explanation of our reasons.

{¶3} An appellate court can only review final orders. Ohio Constitution Article IV, Section 3(B)(2). What constitutes a "final" order is defined in R.C. 2505.02. As applicable here, a final order includes "[a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]" R.C. 2505.02(B)(2). A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). A "special proceeding" is "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). Divorce actions are considered "special proceedings" for purposes of R.C. 2505.02(B)(2). *Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, 950 N.E.2d 516, ¶ 6, citing *State ex rel. Papp v. James*, 69 Ohio St.3d 373, 379, 632 N.E.2d 889 (1994).

**{¶4}** The order denying Deborah's motion to dismiss the appeal cited two cases: *Joseph v. Joseph*, 5th Dist. Stark No. CA-7126, 1988 Ohio App. LEXIS 250 (Jan. 25, 1988), and *Oatey v. Oatey*, 83 Ohio App.3d 251, 614 N.E.2d 1054 (8th Dist.1992). In *Joseph*, the court issued a divorce decree and an order requiring the parties to liquidate marital assets. The court stated that until the maritial assets had been liquidated, it could not divide them nor could it determine the sustenance alimony rights of one of the parties. On appeal from those orders, the Fifth District Court of Appeals noted that the marital property had yet to be divided nor had the interest of each party in the liquidated net proceeds been determined. Nevertheless, the court of appeals determined that the order of liquidation constituted a final order because it "impact[ed] with finality the rights of the respective parties as to 'affect a substantial right' of these parties." *Id*. at 7. The court of appeals found that the rights involved were substantial because "[t]he sale of the business assets would be an event from which the trial court and the parties could hardly retrench in the event if [sic] was determined the judgment was in error." *Id*.

**{¶5}** In *Oatey*, the court entered a predecree order requiring a party to sell marital property (real estate), with the proceeds held in escrow to pay the other party's interim attorney fees. On appeal from that judgment, we held that the order of sale affected a "substantial" right of the appealing party because "[o]rdering such an immediate wholesale sacrifice sale of real property accumulated over the course of years is not commercially reasonable and may irrevocably deprive both parties from realizing the fair market value of the assets to their detriment." *Oatey* at 261.

{¶6} Similar to *Joseph* and *Oatey*, in this case the court entered an order requiring the sale of marital property that substantially affected the rights of the appealing party. Jeffrey claims that the property is separately his. Regardless of whether the property is deemed to be Jeffrey's separately or marital property, Jeffrey has a right in it. That right is substantial. If the property is sold before appellate review takes place, Jeffrey would be unable to regain possession of the property in the event he prevailed in his appeal. In addition, the property is the location of Jeffrey's business; a forced sale of the property would likely have a significant impact on Jeffrey's business. For these reasons, we conclude that the order of sale is a final order because it was made in a special proceeding and affects a substantial right.

{¶7} After he filed his brief in this appeal, Jeffrey gave notice to the trial court that he was current on his support obligation. He based this notice on his representation that he "hand-delivered certified funds totaling $51,000" to Deborah's attorney. That payment was consistent with an agreed judgment entry, filed after this appeal was filed, in which the court and parties agreed that Jeffrey could sell $51,000 of stock "so that he can pay his spousal support obligation in full." If, as Jeffery asserts on appeal, the court ordered the sale of the real estate in order to secure his payment on the retroactive temporary spousal support, the order of sale is moot because there is no longer any reason to sell the real estate. *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 37.

**{¶8}** Deborah argues that we cannot view the order of sale without referencing Jeffrey's history of discovery violations that the court found to be "one of the most egregious examples of dilatory tactics perpetrated in a Domestic Relations case the undersigned has ever witnessed." The court's judgment entry does detail examples of dilatory conduct by Jeffrey, causing the court to impose a total of $8,000 in sanctions against him. But if Deborah is correct in arguing that the court entered the order of sale in order to ensure payment of the sanctions, the court acted arbitrarily by ordering the sale of $428,500 in assets to satisfy an $8,000 award of sanctions. In any event, the court issued a judgment entry stating that "the alleged contemnor, Jeffrey J. Alman, has brought himself into substantial compliance with the Court's prior orders at this time by depositing $8,000.00" into a trust account held by Deborah's attorney. So even if the order of sale was intended to fund the sanctions, that order is likewise moot.

**{¶9}** This brings us to a broader point — the court's judgment entry does not actually say why the court was ordering the sale of the real estate. The judgment entry states: "Upon the Court's own motion, temporary orders pursuant to Rule 75 are hereby further made regarding the parties['] real estate as noted below." The judgment entry goes on to order both parties to contact an auction company "to make full arrangements for an absolute auction forthwith on theses properties." Again, if indeed the order of sale was meant to be used to pay the arrears on Jeffrey's temporary spousal support, the order was arbitrary: the court ordered the sale of $428,000 in assets (including land on which Jeffrey's business operates) to satisfy $40,000 of arrears and sanctions. When the court

issued the order of sale, it was aware that Jeffrey insisted that he could satisfy the outstanding temporary spousal support obligation by liquidating assets other than the real property — the transcript shows that Jeffrey asked the court to stay any order of sale so that he could liquidate the shares of stock in order to satisfy the temporary support arrears. *See* tr. 47-48. That assertion was confirmed as fact as demonstrated by the agreed judgment entry allowing Jeffrey to satisfy the spousal support arrears by selling his shares of stock.

{¶10} Additionally, if the order of sale was meant to satisfy the arrears on spousal support, it was likewise incompatible with the court's statements that support arrears "shall be paid as soon as practicable" and that the court would consider Jeffrey's "good faith efforts to extinguish [the temporary spousal support] arrearage" by "regular and substantial" payments as mitigating any future contempt for further nonpayment of temporary spousal support. These statements indicate that the court was not requiring Jeffrey to make a lump sum payment. And, if the court did not require Jeffrey to satisfy the arrears in one lump payment, there would be no need to order the sale of assets that would exceed the amount of the arrears by a factor of five.

{¶11} It is true that the court had the authority to order the sale of marital assets before issuing a divorce decree.[1] *See* Civ.R. 75(N)(1) (court may grant spousal support

---

[1] We are aware that the court can order the sale of marital property under R.C. 3105.171(J)(2), but that statute does not apply for three reasons. First, the court's order made it clear that it was ordering the sale under Civ.R. 75: "Upon the Court's own motion, temporary orders pursuant to Rule 75 are hereby further made regarding the parties['] real estate as noted below." Second, the statute did not apply because that same order stated that the order of sale was a

pendente lite and "may make a temporary order regarding support" during the pendency of the action for divorce). But as indicated, the court allowed Jeffrey to satisfy his support arrears by other means, so the order of sale was unrelated to temporary support arrears. And the court's order phrased its ruling in terms that make it plain that the order of sale was unrelated to temporary spousal support — after issuing the support order, the court stated that it was ordering the sale of the property as a "further" order made "upon the Court's own motion." If the court had some other reason for ordering the sale of the property, it failed to state its reasons. The order is arbitrary and thus an abuse of discretion. *Angelkovski v. Buckeye Potato Chips Co.*, 11 Ohio App.3d 159, 161-162, 463 N.E.2d 1280 (10th Dist.1983).

{¶12} We acknowledge the court's frustration with the pace at which the case was proceeding and that its orders imposing sanctions against Jeffrey would appear to place much of the blame on him. Nevertheless, both the parties and the court have agreed that Jeffrey has paid the amounts due as sanctions and has satisfied his obligation to pay arrears owed for temporary spousal support. Although the appeal is nominally moot in light of the agreed judgment entry, we recognize that the order of sale remains pending — the court could not have vacated the order following entry of the agreed judgment entry because doing so would have interfered with our jurisdiction over the appeal. *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378

---

"temporary" order; an order that divided marital assets under the statute would be final under the statute. Third, the statute applies to the division of marital assets and the court was not dividing marital assets for final judgment — the case had yet to go to trial.

N.E.2d 162 (1978). We sustain the assignment of error and remand with instructions for the court to vacate the order of sale.

{¶13} Judgment reversed and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the domestic relations division to carry this judgment into execution consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR