[Cite as *C.L.A. v. D.P.M.*, 2024-Ohio-836.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| C.L.A., | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112831 |
| v. | : | |
| D.P.M., | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED IN PART, REVERSED IN PART,
AND REMANDED
**RELEASED AND JOURNALIZED:** March 7, 2024

Civil Appeal from the Cuyahoga County, Court of Common Pleas
Domestic Relations Division
Case No. DR-15-358274

*Appearances:*

Stafford Law Co., L.P.A., Joseph G. Stafford, Nicole A.
Cruz, and Kelley R. Tauring, *for appellee.*

Costanzo & Lazzaro, PPL and Raymond J. Costanzo, *for
appellant.*

MARY EILEEN KILBANE, P.J.:

{¶ 1} Defendant-appellant D.P.M. ("Husband") appeals the trial court's May 11, 2023 and May 25, 2023 judgment entries that granted plaintiff-appellee C.L.A.'s ("Wife") motion to dismiss Husband's postdecree motions for lack of

service.  For the following reasons, we dismiss in part, reverse in part, and remand for further proceedings consistent with this opinion.

**Factual and Procedural History**

{¶ 2}  On April 18, 1997, Wife and Husband married and during the marriage had one child, A.M. (d.o.b. 10/23/2006).  On July 18, 2017, the trial court executed a divorce decree that dissolved the parties' marriage and addressed child and spousal support.  Pursuant to the divorce decree, Husband was ordered to pay $1,000 per month for child support and $104 per month for cash medical support as well as $4,500 for 78 months in payment of spousal support.

{¶ 3}  On February 19, 2020, the Office of Child Support Services ("OCSS") issued an Administrative Adjustment Recommendation ("OCSS Recommendation") as to Husband's monthly child support and cash medical support obligations for A.M.  The OCSS Recommendation indicated that Husband should pay $817.88 and $20.07 for child support and cash medical support, respectively.  The OCSS Recommendation also stated that the trial court had granted a deviation under the existing order, but OCSS could not determine the monetary or percentage of the deviation.

{¶ 4}  On March 4, 2020, Husband filed a motion for court hearing or judicial review ("motion for judicial review"), pursuant to R.C. 3119.60, so that the trial court could determine whether the revised child support calculated by the OCSS was an appropriate amount and whether the child support order should be revised.

Husband served the March 4, 2020 motion by regular mail on the OCSS. Husband did not serve the motion on Wife.

{¶ 5} On May 18, 2020, Wife's counsel filed a notice of appearance, and on May 19, 2020, Wife's counsel issued a subpoena duces tecum on Husband's employer seeking wage and employee benefits information.

{¶ 6} On December 23, 2020, Husband filed three postdecree motions: a motion to determine arrearages ("arrearages motion"), a motion to modify child and spousal support ("support modification motion"), and a motion to show cause and demand attorney fees ("show cause motion") (collectively "December 23, 2020 motions"). The arrearages motion stated the OCSS miscalculated the spousal and child support arrearages that had accrued since the trial court's July 18, 2017 order, including a miscalculation of temporary support. The support modification motion sought to decrease Husband's obligations for child and spousal support pursuant to the July 18, 2017 court order. The show cause motion requested that Husband have visitation with A.M. and that Wife refinance her residence to remove Husband's name from the mortgage.

{¶ 7} On January 6, 2021, Wife filed briefs in opposition to Husband's December 23, 2020 motions, arguing the merits of the motions. Wife did not argue that Husband failed to properly serve her with copies of the December 23, 2020 motions. Wife filed numerous motions between January and November 2021.

{¶ 8} On November 29, 2021, Wife filed a motion to dismiss alleging that Husband's motion for judicial review filed on March 4, 2020, and his December 23,

2020 motions were not properly served upon Wife. Within the motion to dismiss, Wife stated the issue of lack of service relative to the March 4, 2024 motion was raised at a hearing on or about November 15, 2020.

{¶ 9} On November 29, 2021, Husband filed a brief in opposition to Wife's motion to dismiss. In his brief, Husband conceded he did not perfect service of the motions. Husband argued that from March 4, 2020, through October 28, 2021, the parties had conducted discovery on the pending motions; defended the motions on their merits; obtained continuances with the court; participated in more than 15 pretrial hearings and settlement conferences; and set at least two trial dates. Husband argued that Wife waived her claim of lack of service of process by voluntarily submitting to the court's jurisdiction.

{¶ 10} On December 1, 2021, Husband requested service of process on three motions — the motion for judicial review, the arrearages motion, and the support modification motion — by certified mail at Wife's home address. The U.S. Postal Service assigned receipt number 46149786 to Husband's request for service of process.

{¶ 11} On December 1, 2021, under a separate request for service, Husband's show cause motion was sent by certified mail to Wife's home address and assigned U.S. Postal Service receipt number 46125837. On December 2, 2021, the U.S. Postal Service delivered Husband's show cause motion, referenced as receipt number 46125837, to the wrong address. The motion was delivered to the correct street but the incorrect street number.

{¶ 12} The record also indicates that Husband's three motions — the motion for judicial review, the arrearages motion, and the support modification motion — served under receipt number 46149786 were delivered by certified mail on December 8, 2021, to Wife's correct address.

{¶ 13} Almost one year later on the date of trial — November 22, 2022 — Wife orally renewed her motion to dismiss for failure of proper service. Wife argued that Husband's postdecree motions were required to be served pursuant to Civ.R. 4 through 4.6 to invoke the court's jurisdiction. Specifically, Wife argued that the motions did not contain proofs of service and were never served on her personally. Wife conceded that service may have been attempted in December 2021, but the motions were delivered to an incorrect address. Husband argued that Wife waived service, and the docket reflects service of his motions was perfected on Wife, via certified mail, on December 8, 2021.

{¶ 14} The magistrate acknowledged there was an attempt at service, but her review of the docket indicated that all of Husband's postdecree motions were delivered to an incorrect address. The magistrate granted Wife's motion to dismiss on the basis that service of the motions was not perfected, and Wife withdrew her pending motions.

{¶ 15} On November 25, 2022, Husband filed four proofs of service with the trial court. Attached to each proof of service was a copy of Husband's four motions that allegedly lacked service. Each proof of service identified the date the attached motion was originally filed electronically with the clerk of courts and stated that at

the time of the original filing, the motion was sent to all counsel of record by operation of the court's electronic filing system.

{¶ 16} On December 21, 2022, a magistrate's decision was filed, and it granted Wife's oral motion to dismiss Husband's postdecree motions. The decision also ordered the adoption of the OCSS recommendation in a separate order and denied all other procedural motions filed by Wife as moot. On January 3, 2023, Husband filed objections to the magistrate's decision as well as supplemental objections on February 2, 2023. Husband's objections disputed the magistrate's decision to grant Wife's motion to dismiss due to lack of service.

{¶ 17} On May 11, 2023, the trial court issued a judgment entry that overruled Husband's objections to the magistrate's decision and adopted the magistrate's decision. On May 25, 2023, the trial court issued a judgment entry that adopted the magistrate's December 21, 2022 decision in its entirety; granted Wife's motion to dismiss; dismissed Husband's motions because of the failure of service upon Wife; ordered the OCSS Recommendation be adopted by separate order; and ordered Wife's pending motions either withdrawn or denied as moot.

{¶ 18} On June 7, 2023, Husband filed a timely notice of appeal presenting three assignments of error:

> Assignment of Error I: The trial court committed reversible error in failing to find [Wife] voluntarily submitted herself to the court's jurisdiction and waived the Civ.R. 75(J) requirement of issuance and service of process.
>
> Assignment of Error II: The trial court committed reversible error in dismissing [Husband's] motions under Civ.R. 4(E).

Assignment of Error III: The trial court committed reversible error in finding that a motion for court hearing emanating from an administrative child support review recommendation is subject to Civ.R. 75(J) service of process requirement.

On November 3, 2023, this court, sua sponte, directed the parties to submit supplemental briefs addressing whether the trial court's orders constituted final, appealable orders. The parties provided supplemental briefing and this issue is now ripe for review.

**Legal Analysis**

**I. Final, Appealable Order**

{¶ 19} Before reviewing the merits of this case, we must first consider whether we have jurisdiction to hear this appeal. An appellate court's review is limited to final judgments and orders. *Cooney v. Radostitz*, 8th Dist. Cuyahoga No. 110009, 2021-Ohio-2521, ¶ 12. "If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed." *Assn. of Cleveland Firefighters, #93 v. Campbell*, 8th Dist. Cuyahoga No. 84148, 2005-Ohio-1841, ¶ 6. "[T]his court has a duty to examine, sua sponte, potential deficiencies in jurisdiction." *Cooney* at ¶ 12.

{¶ 20} We have two issues to address with regard to our jurisdiction over this case: (1) did the trial court's failure to adopt the OCSS Recommendation prevent the May 25, 2023 order from constituting a final, appealable order, and (2) did the trial court's dismissal of Husband's postdecree motions constitute a final, appealable order under R.C. 2505.02.

**OCSS Recommendation**

{¶ 21} The trial court's May 25, 2023 order (1) adopted the magistrate's December 21, 2022 decision in its entirety; (2) granted Wife's motion to dismiss thereby dismissing Husband's postdecree motions; (3) ordered the adoption of the OCSS Recommendation by separate order; (4) recognized several of Wife's motions were withdrawn; and (5) denied as moot several of Wife's motions.

{¶ 22} On June 7, 2023, Husband filed his notice of appeal from the court's judgment. At that time, the trial court had not issued a separate order adopting the OCSS Recommendation even though the May 25, 2023 order stated the court would do so. Additionally, the OCSS Recommendation was not filed on the trial court's docket but was attached to Husband's motion for judicial review. For these reasons, this court sua sponte requested supplemental briefing on whether the absence of a court order adopting the OCSS Recommendation resulted in an unresolved matter that required further action and, therefore, rendered the May 25, 2023 order not a final, appealable order.

{¶ 23} Husband analogizes the OCSS Recommendation to a qualified domestic relations order ("QDRO") and argues neither vehicle requires further adjudication on the merits of the case but are simply ministerial tools used in furtherance of an order. A "QDRO implements a trial court's decision of how a pension is to be divided incident to divorce or dissolution." *Wilson v. Wilson*, 116 Ohio St.3d 268, 2007-Ohio-6056, 878 N.E.2d 16, ¶ 7. Wife argues that any judgment that leaves issues unresolved is not a final, appealable order. Wife also

argues that consistent with the holding in *M.E.D. v. P.K.*, 8th Dist. Cuyahoga No. 112070, 2023-Ohio-3471, the current appeal should be dismissed for a lack of a final, appealable order.

{¶ 24} This court has found that

> a QDRO is not an independent judgment entry but rather an enforcement mechanism pertaining to the trial court's previous judgment entry of divorce.

*E.O.W. v. L.M.W.*, 2021-Ohio-2040, 174 N.E.3d 414, ¶ 35 (8th Dist.), citing *Ballinger v. Ballinger*, 8th Dist. Cuyahoga No. 105180, 2017-Ohio-7077, ¶ 6. A QDRO is "merely a tool used to execute the divorce decree." *Wilson* at ¶ 19.

{¶ 25} Similarly, we find here that the trial court intended to adopt the OCSS Recommendation as proposed without any modifications, and the trial court's failure to adopt the OCSS Recommendation under a separate order did not prevent the issuance of a final, appealable order.

**R.C. 2505.02**

{¶ 26} The types of orders that qualify as final, appealable orders are delineated in R.C. 2505.02(B):

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
> (3) An order that vacates or sets aside a judgment or grants a new trial;
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

(5) An order that determines that an action may or may not be maintained as a class action;

(6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly, * * * or any changes made by Sub. S.B. 80 of the 125th general assembly, * * * ;

(7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code.

R.C. 2505.02(B).

{¶ 27} A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). A "special proceeding" is "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2).

{¶ 28} A divorce action is a special proceeding. *Thomasson v. Thomasson*, 153 Ohio St.3d 398, 2018-Ohio-2417, 106 N.E.3d 1239, ¶ 12, citing *Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, 950 N.E.2d 516, ¶ 6. A motion to modify child support may qualify as a special proceeding pursuant to R.C. 2505.02(B)(2). *Cooney*, 8th Dist. Cuyahoga No. 110009, 2021-Ohio-2521, at ¶ 22; *In re K.A.V.*, 2d Dist. Montgomery No. 26312, 2014-Ohio-5575, ¶ 13; *Worch v. Worch*, 2d Dist. Darke No. 98 CA 1477, 1999 Ohio App. LEXIS 2589, 8-9 (June 11, 1999), citing *Koroshazi v. Koroshazi*, 110 Ohio App.3d 637, 640, 674 N.E.2d 1266

(9th Dist.1996) ("Motions to modify child support are special proceedings."); *see Jennings v. Hall*, 12th Dist. Butler No. CA2012-12-259, 2013-Ohio-1731, ¶ 6 ("Matters within the juvenile court setting child support are special proceedings"). We also find a motion for judicial review filed pursuant to R.C. 3119.60, such as Husband's March 4, 2020 motion, is a proceeding created by statute and qualifies as a special proceeding.

{¶ 29} In addition to showing the motions were made in a special proceeding, Husband must demonstrate that the trial court's May 11, 2023 and May 25, 2023 orders affected Husband's substantial rights. This court has found that

> [a]n order affects a substantial right if, in the absence of an immediate appeal, one of the parties would be foreclosed from appropriate relief in the future. *See, e.g., Crown Servs. v. Miami Valley Paper Tube Co.*, 162 Ohio St. 3d 564, 2020-Ohio-4409, 166 N.E.3d 1115, ¶ 16 ("An order affects a substantial right 'only if an immediate appeal is necessary to protect the right effectively.'"), quoting *Wilhelm-Kissinger v. Kissinger*, 129 Ohio St. 3d 90, 2011-Ohio-2317, 950 N.E.2d 516, ¶ 7, citing *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993).

*Cooney* at ¶ 23.

{¶ 30} We will evaluate Husband's postdecree motions separately to address whether the trial court's dismissal of each created a final, appealable order. In his appeal, Husband argues that the trial court erred when it dismissed his motion for judicial review, arrearages motion, and support modification motion. Husband's appeal does not address his show cause motion, and thus, we will not analyze the dismissal of this motion for a final, appealable order.

**A. Motion for Judicial Review**

{¶ 31} Husband sought judicial review of an OCSS Recommendation to modify the parties' child support order. OCSS Recommendations are governed by R.C. 3119.60. According to R.C. 3119.63, after Husband received a copy of the OCSS Recommendation, he could request a court hearing or administrative hearing on the issue, but either request was required to be filed within 14 days after Husband received the OCSS Recommendation. The OCSS issued its recommendation on February 19, 2020, and Husband filed his motion for judicial hearing on March 3, 2020, within the 14-day time requirement. No hearing was held on the motion because the trial court dismissed Husband's motion for judicial hearing for lack of service. If Husband is unable to appeal the dismissal of his motion for judicial review at this time, the trial court will adopt the OCSS Recommendation in its entirety and the modification will relate back to the date the OCSS Recommendation was sent. R.C. 3119.772. Husband will be prevented from arguing to the court his objections to the OCSS Recommendation. R.C. 3119.60 offers no method by which Husband can request a subsequent hearing. Thus, Husband, in the absence of the current appeal, would be denied a substantial right because he would be foreclosed from presenting his arguments against the OCSS Recommendation.

{¶ 32} We find that the facts here are unique where Husband filed a motion for a judicial hearing under R.C. 3119.60; the trial court did not conduct a hearing as requested by Husband; and Husband is now outside the time parameters of the statute to request another hearing on this issue. The instant matter is a case where the trial court's dismissal otherwise than on the merits will prevent Husband from

refiling his motion for judicial review. Thus, we find that the trial court's May 11, 2023 and May 25, 2023 orders resulted in a final, appealable order on Husband's motion for judicial review.

**B. Arrearages Motion**

{¶ 33} Husband filed an arrearages motion requesting that the trial court determine his arrearages in child and spousal support following the July 18, 2017 court order.

{¶ 34} Orders affect a substantial right only if they have "immediate consequences" or "if not immediately appealable, would foreclose appropriate relief in the future." *Ossai-Charles v. Charles*, 188 Ohio App.3d 503, 2010-Ohio-3558, 935 N.E.2d 944, ¶ 19 (12th Dist.), quoting *Walburn v. Dunlap*, 121 Ohio St.3d 373, 2009-Ohio-1221, ¶ 24, 904 N.E.2d 863, and *Southside Community Dev. Corp. v. Levin*, 116 Ohio St.3d 1209, 2007-Ohio-6665, 878 N.E.2d 1048, ¶ 7.

{¶ 35} Here, the trial court's order on the arrearages motion did not have immediate consequences for Husband. The trial court made no determination whether arrearages exist. The dismissal of this motion did not foreclose Husband from refiling this motion so that he can attempt to obtain appropriate relief in the future. The trial court's dismissal of Husband's arrearages motion did not affect a substantial right and, therefore, does not amount to a final, appealable order.

**C. Support Modification Motion**

{¶ 36} In his support modification motion, Husband seeks a decrease in his child and spousal support obligations that were issued on July 18, 2017. Husband

argues on appeal that a dismissal of this motion will foreclose his substantial right to have his spousal and child support reduced retroactively to the initial filing date of December 23, 2020.

{¶ 37} "As a general rule, because of the time it takes to modify child support orders, an order modifying child support order may be made retroactive to the date the motion to modify child support was filed unless special circumstances dictate otherwise." *In re J.C.*, 8th Dist. Cuyahoga Nos. 109747 and 109748, 2021-Ohio-2451, ¶ 12, quoting *Phelps v. Saffian*, 8th Dist. Cuyahoga No. 106475, 2018-Ohio-4329, ¶ 37.

{¶ 38} Wife cites to *M.E.D.*, 8th Dist. Cuyahoga No. 112070, 2023-Ohio-3471, in support of her position that Husband's modified support modification motion is not a final, appealable order. In *M.E.D.*, Father filed a postdecree motion to modify a parenting order and perfected service of the motion. Father then filed a second postdecree motion to modify child support ("child support motion") without serving Wife under Loc.R. 19 of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division ("Loc.R. 19") and Civ.R. 75(J) (collectively "service rules"). At issue in *M.E.D.* was whether Father was required to follow the service rules for the child support motion where the court's continuing jurisdiction had already been triggered by the initial motion to modify a parenting order. Father in *M.E.D.* served the child support motion on Wife's counsel rather than Wife, which was not in compliance with the service rules. This court found in *M.E.D.* that where Father did not invoke the trial court's continuing jurisdiction through compliance

with the service rules and Father had the opportunity to refile his motion upon dismissal of the case, there was no final, appealable order.

{¶ 39} *M.E.D.* is distinguishable from the instant case. Father in *M.E.D.* failed to serve Mother properly with the motion to modify support and, therefore, did not invoke the trial court's continuing jurisdiction. Mother timely raised the issue of failed service within three months of Father filing his motion to modify support. There is also the matter of whether Father's compliance with the service rules on his first postdecree motion impacted the service necessary on his second postdecree motion.

{¶ 40} Here, as is demonstrated by the record and discussed below in our analysis of Husband's second assignment of error, Husband's support modification motion was properly served on Wife thereby invoking the trial court's continuing jurisdiction. Further, Wife's motion to dismiss for lack of service was filed in response to Husband's postdecree motions originally filed on March 4, 2020, and December 23, 2020. Wife did not file her motion to dismiss until November 29, 2021. From January 2021 through November 2021, Wife actively participated in litigation of the postdecree motions. Wife states in her motion to dismiss that the issue of service relative to the March 4. 2020 motion was previously raised in November 2020, but there is no record of such a discussion nor any filing by Wife prior to November 2021. Thus, we find the facts and holding of *M.E.D.* are distinguishable from the instant matter.

{¶ 41} While Husband has the ability to refile his support modification motion, any award will relate back to the new filing date rather than the original filing date of December 23, 2020. Husband would be prevented from benefitting from a potential modification between the period of December 23, 2020, and the new filing date. For this reason, we find that the dismissal of Husband's support modification motion would impact a significant right of Husband, and the dismissal of this motion was a final, appealable order. *See In re K.A.V.*, 2d Dist. Montgomery No. 26312, 2014-Ohio-5575 at ¶ 11 (Although court's dismissal of Father's motion to modify child support did not prevent him from refiling the motion, Father would be entitled to a support reduction retroactive only to the date of the new filing; the loss of the reduction retroactively to the date of his initial filing qualified as a substantial right under R.C. 2505.02.); *Smith v. Smith*, 5th Dist. Fairfield No. 2008 CA 00030, 2009-Ohio-3978, ¶ 41 (Trial court's judgment entry involuntarily dismissing a motion to modify child support is a final, appealable order because the "order modifying child support cannot be retroactive beyond the date that a motion for modification of child support is made.").

{¶ 42} In summary, we find that the trial court's May 11 and May 25, 2020 orders resulted in final, appealable orders on Husband's motion for judicial review and support modification motion. We find further that the trial court orders were not final, appealable orders on Husband's arrearages motion. We will address the merits of Husband's appeal as it relates to his motion for judicial review and support modification motion.

## II. Assignments of Error

{¶ 43} For ease of discussion, we will address Husband's assignments of error out of order.

### A. Third Assignment of Error

{¶ 44} In his third assignment of error, Husband argues that the trial court committed reversible error when it determined his motion for judicial review filed pursuant to R.C. 3119.63 was subject to Civ.R. 75(J) service requirements and dismissed the motion for lack of personal jurisdiction. Wife argues Husband was required to follow the service requirements of Loc.R. 19 and Civ.R. 75.

{¶ 45} A trial court's dismissal for lack of personal jurisdiction is a question of law subject to a de novo review. *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551, 930 N.E.2d 784, ¶ 27.

{¶ 46} Generally, after the resolution of divorce proceedings that include child and spousal support, the trial court's continuing jurisdiction must be invoked for postdecree motions through service of process. "When a party fails to invoke the continuing jurisdiction of the trial court by not meeting the requirements for service of process, the court lacks personal jurisdiction to enter judgment upon the motion." *Sweeney v. Sweeney*, 2016-Ohio-1384, 63 N.E.3d 542, ¶ 24 (8th Dist.).

{¶ 47} One manner to invoke a trial court's continuing jurisdiction on a postdecree motion for modification of custody, support, or alimony is through service of process under Civ.R. 75(J). *Hansen v. Hansen*, 21 Ohio App.3d 216, 217, 486 N.E.2d 1252 (3d Dist.1985). But that is not the only way to invoke the court's

jurisdiction. R.C. 3119.60 also independently imparts jurisdiction on the trial court to resolve motions such as Husband's motion for judicial review. *See Dragon v. Dragon*, 8th Dist. Cuyahoga No. 104019, 2016-Ohio-7304, ¶ 7 (where the statutory framework delineated by R.C. 3119.96, rather than Civ.R. 75(J), invoked the trial court's continuing jurisdiction). R.C. 3119.60 has no service requirement. Jurisdiction is predicated on a party filing a motion for a court hearing no later than 14 days after the party received an OCSS Recommendation. Once a request for a court hearing is filed, the court is required to conduct a hearing in compliance with R.C. 3119.66. Further, the court must provide notice of the hearing to the parties and the child support enforcement agency ("CSEA") at least 30 days prior to the hearing. R.C. 3119.67. Thus, any reference to a trial court's continuing jurisdiction under Civ.R. 75(J) in relation to an OCSS Recommendation generated under R.C. 3119.60 is misplaced.

{¶ 48} Accordingly, Husband invoked the trial court's continuing jurisdiction when he filed his motion for judicial review in accordance with R.C. 3119.63. The trial court's determination that the motion for judicial review was subject to Civ.R. 75(J) and the subsequent dismissal of Husband's motion for judicial review was erroneous. For these reasons, we sustain Husband's third assignment of error.

## B. Second Assignment of Error

{¶ 49} In his second assignment of error, Husband argues that the trial court committed reversible error when it dismissed his support modification motion

pursuant to Civ.R. 4(E).[1]  Specifically, Husband argues that service of his support

modification motion was perfected within the time required under Civ.R. 3(A) and

prior to the court's ruling on Wife's motion to dismiss.  Husband also argues that a

dismissal pursuant to Civ.R. 4(E) will foreclose his substantial right to have his

spousal and child support reduced retroactively to the initial filing date of December

23, 2020.

{¶ 50} We review a trial court's dismissal due to lack of proper service for an

abuse of discretion.  *Troxel v. Mabe*, 12th Dist. Clermont No. CA2008-02-018,

2008-Ohio-5420, ¶ 8.  The term abuse of discretion "implies that the court's attitude

is unreasonable, arbitrary or unconscionable."  *Blakemore v. Blakemore*, 5 Ohio

St.3d 217, 219, 450 N.E.2d 1140 (1983).  An abuse of discretion occurs when a court

exercises its judgment in an unwarranted way regarding a matter over which it has

discretionary authority.  *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304,

187 N.E.3d 463, ¶ 35.

{¶ 51} To invoke the domestic relations court's continuing jurisdiction,

Husband needed to file his support modification motion pursuant to Civ.R. 75(J).

Civ.R. 75(J) reads:

---

[1] In regard to Husband's first assignment of error, appellant's and appellee's briefs address the filing of Husband's motion for judicial review, arrearages motion, and support modification motion.  Husband's second assignment of error discusses Husband's arrearages motion and support modification motion.  Since we find that there is no final, appealable order on Husband's arrearages motion, and our discussion on Husband's third assignment of error is dispositive on Husband's motion for judicial review, we will address only the support modification motion during our analysis of the first and second assignments of error.

> **Continuing jurisdiction**. The continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Civ.R. 4 to 4.6. When the continuing jurisdiction of the court is invoked pursuant to this division, the discovery procedures set forth in Civ.R. 26 to 37 shall apply.

Civ.R. 75(J). Pursuant to Civ.R. 4(A), upon the filing of a complaint — or Husband's support modification motion — the clerk shall issue a summons for service upon each defendant. The document shall be served by either certified or express mail, unless otherwise permitted in the civil rules, as evidenced by "return receipt signed by any person." Civ.R. 4(A)(1)(a).

{¶ 52} On December 23, 2020, Husband filed his support modification motion with the trial court but failed to serve the motion in accordance with Civ.R. 75 and Civ. R. 4 through 4.6. Instead, Husband simply filed the motion through the court's electronic filing system.

{¶ 53} On November 29, 2021, almost one year after Husband filed his support modification motion, Wife filed a motion to dismiss Husband's motion due to its failure to comply with the service rules. Wife conceded during oral argument that she did not recognize a potential service issue until that later date. On the same day Wife filed her motion to dismiss, Husband filed a brief in opposition to Wife's motion to dismiss, arguing that Wife waived service of process by conducting discovery, receiving continuances, and defending the merits of Husband's motions. Husband further argued that from March 4, 2020 — when his first postdecree motion was filed — through October 28, 2021, the parties had conducted discovery

on motions filed by both Husband and Wife, participated in more than 15 pretrials and settlement conferences, and set two trial dates.

**{¶ 54}** Two days later, on December 1, 2021, Husband filed with the court a request for service that instructed the clerk of courts to serve the support modification motion on Wife, by certified mail, at her home address. The U.S. Postal Service assigned receipt number 46149786 to the service of the motion.

**{¶ 55}** The record indicates that on December 15, 2021, Husband's motion served under receipt number 46149786 was delivered by certified mail on December 8, 2021, to Wife's correct address. The receipt information provided by the U.S. Postal Service and included in the record shows the signature of the recipient and the address of the recipient. The signature of the recipient is illegible, and we are not able to ascertain the name of the signatory. The address of the recipient is difficult to decipher, but the street numbers are legible — which reflect Wife's correct address — and the receipt states the item was delivered in the Wife's correct city and state. Husband's support modification motion was not delivered to an incorrect address.[2]

---

[2] The trial court erred when it found that Husband served the support modification motion to the incorrect address. It appears that the trial court confused service of Husband's support modification motion with service of his show cause motion; the show cause motion is not subject to this appeal. A thorough review of the record indicates that on November 22, 2021, Husband requested service of his show cause motion on Wife. On December 1, 2021, Husband's show cause motion was sent by certified mail to Wife's correct address, and that mailing was assigned U.S. Postal Service receipt number 46125837. U.S. Postal Service receipt number 46125837 was delivered on December 2, 2021, to the wrong street address rather than Wife's address. The show cause motion was delivered to the incorrect address.

{¶ 56} According to Civ.R. 4.1(A), "service of process may be made by certified mail 'evidenced by return receipt signed by any person * * *.'" *Belovich v. Crowley*, 8th Dist. Cuyahoga No. 109523, 2021-Ohio-2039, ¶ 31, quoting *Matteo v. Principe*, 8th Dist. Cuyahoga No. 92894, 2010-Ohio-1204, ¶ 10, quoting Civ.R. 4.1(A). Certified mail must be sent to an address "reasonably calculated to cause service to reach the defendant." *Ohio Civ. Rights Comm. v. First Am. Properties*, 113 Ohio App.3d 233, 237, 680 N.E.2d 725 (2d Dist.1996). "'There is a rebuttable presumption of proper service when the civil rules governing service are followed.'" *Belovich* at ¶ 31, quoting *Roscoe v. Delfraino*, 7th Dist. Mahoning No. 19 MA 0038, 2019-Ohio-5253, ¶ 25, citing *Draghin v. Issa*, 8th Dist. Cuyahoga No. 98890, 2013-Ohio-1898, ¶ 10. This presumption of proper service is rebuttable by sufficient evidence. *Rafalski v. Oates*, 17 Ohio App.3d 65, 66, 477 N.E.2d 1212 (8th Dist.1984).

{¶ 57} Here, the return receipt shows that certified mail service of Husband's support modification motion was sent to Wife's home address, signed, and returned. Under Civ.R. 4.1(A), service was presumptively completed. *See Castellano v. Kosydar*, 42 Ohio St.2d 107, 110, 326 N.E.2d 686 (1975) ("[C]ertified mail, under the Rules of Civil Procedure, no longer requires actual service upon the party receiving the notice but is effective upon certified delivery."). Wife introduced no evidence to rebut proper service, but argued erroneously that the motion was served to the wrong address.

{¶ 58} As to his support modification motion, Husband satisfied the service rules. However, Husband did not serve the motion within six months of its filing

and, therefore, the support modification motion could be subject to dismissal pursuant to Civ.R. 4(E) that reads:

> **Summons; Time limit for service**. If a service of the summons and complaint [support modification motion] is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This division shall not apply to out-of-state service pursuant to Rule 4.3 or to service in a foreign country pursuant to Rule 4.5.

Civ.R. 4(E).

{¶ 59} Civ.R. 4(E) states a trial court will dismiss an action if service of the summons and complaint is not made upon the defendant within six months of filing the complaint and the party filing the complaint does not show good cause as to why service was not perfected in that time frame. In his supplemental objections filed on February 2, 2023, Husband argued service of the motion was delayed for good cause. Husband argued that upon Wife's responding to the motion on January 6, 2021, he believed Wife had subjected herself to the court's jurisdiction. Husband also noted that Wife's January 2021 motions argued the merits of the case but did not question service of the motion. The parties actively litigated the case from January 2021 through November 2023, when the trial court dismissed the case for lack of proper service. Husband also argued that service was perfected on December 8, 2021, and the delay in obtaining service did not interfere with the progression of the case. Husband argued dismissal of the matter for lack of service would be unjust.

**{¶ 60}** The record reflects that the first written claim of lack of jurisdiction was made on November 29, 2021, when Wife filed her motion to dismiss due to lack of service. On that same day, Husband filed a brief in opposition and argued that Wife waived service by her continued participation in litigation of his motions. Just a few days later, on December 1, 2021, Husband filed a request for service in an attempt to perfect service of the support modification motion on Wife. And Husband successfully perfected service of the motion on December 8, 2021. The trial court granted Wife's motion to dismiss due to lack of service, and thereby dismissed Husband's support modification motion in May 2023, over a year after Husband perfected service.

**{¶ 61}** As this court stated previously,

> [w]e do not believe that Civ.R. 4(E) is meant to be used as a vehicle to dismiss cases once service has been properly perfected, but rather is intended to apply to those situations where there is no service and where the plaintiff has been dilatory in attempting to obtain service on a defendant.

*Briggs v. Glenbeigh Health Servs.*, 8th Dist. Cuyahoga Nos. 77395 and 77665, 2000 Ohio App. LEXIS 5587, 11 (Nov. 30, 2000). "Like all procedural rules, Civ.R. 4(E) must be 'construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice.'" *Carter v. Univ. Park Dev. Corp.*, 2017-Ohio-5795, 94 N.E.3d 1019, ¶ 22 (9th Dist.), quoting Civ.R. 1(B); *see Gibson v. Williams*, 11th Dist. Ashtabula No. 2023-A-0026, 2023-Ohio-3760, ¶ 16 (The trial court found "there was little justification for dismissal inasmuch as Gibson had shown cause for not obtaining

service within six months of filing the Complaint and had shown diligence in obtaining service.").

{¶ 62} By the time the trial court ruled on Wife's motion to dismiss, Husband had perfected service of the support modification motion. We find Husband's timely response to Wife's motion to dismiss and his reasoning for good cause, coupled with Husband's successful service of his support modification motion just days after Wife filed her motion to dismiss, demonstrate just cause for Husband's delay in perfecting service. Additionally, adopting the reasoning behind Civ.R. 4(E) and this court's reluctance to dismiss an action where service has been perfected, we determine that the trial court abused its discretion when it found Husband did not perfect service of the support modification motion and dismissed that motion. Therefore, we sustain Husband's second assignment of error. Further, our finding on the second assignment of error renders Husband's first assignment of error moot.

{¶ 63} Judgment is dismissed in part, reversed in part, and remanded for further proceedings consistent with this opinion. As to Husband's second and third assignments of error, the dismissals of Husband's support modification motion and motion for judicial review, respectively, are reversed and remanded for further proceedings consistent with this opinion. As to Husband's arrearages motion, we conclude that the trial court's May 11, 2023 and May 25, 2023 orders dismissing the motion for lack of service were not final, appealable orders and, therefore, dismiss that portion of Husband's appeal relative to that motion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MICHAEL JOHN RYAN, J., CONCUR