[Cite as *State v. Woofter*, 2026-Ohio-1506.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

BRIAN K. WOOFTER,

        Defendant-Appellant.

CASE NO. 2025-G-0025

Criminal Appeal from the
Chardon Municipal Court

Trial Court No. 2025 CRB 00251

---

# MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: April 27, 2026
Judgment: Appeal dismissed

---

*John W. Bosco*, Assistant Prosecutor, Chardon Municipal Court, 231 Main Street, Third Floor, Chardon, OH 44024 (For Plaintiff-Appellee).

*Brian K. Woofter*, pro se, NEOCAP, 411 Pine Avenue S.E., Warren, OH 44483 (Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Brian K. Woofter, appeals the judgment denying his motion for release of evidence. We dismiss the appeal for lack of a final, appealable order.

{¶2} In 2025, Woofter was charged with purchasing and selling alcohol to minors. Woofter pleaded not guilty, and, thereafter, the charge was dismissed.

{¶3} On June 2, 2025, Woofter filed a motion requesting the court to order the sheriff's department to release to his friend six cases of alcohol that it had confiscated relative to the dismissed charge.

{¶4} On June 12, 2025, the trial court denied the motion in an entry stating:

This matter came on for consideration on June 12, 2025 upon defendant's Motion for RELEASE OF EVIDENCE.

Upon due consideration, the Court finds said Motion not well-taken.

IT IS THEREFORE THE ORDER OF THIS COURT that said motion is hereby denied.

The Motion may be reconsidered with proof of purchase.

{¶5} Woofter noticed an appeal from the June 12, 2025 entry. In his appellant's brief, he maintains that he should not be required to present proof of purchase to regain possession of his property. In the State's appellee's brief, it maintains, in part, that the June 12, 2025 entry is not a final, appealable order. We agree with the State.

{¶6} This court's appellate jurisdiction is set forth in Ohio Const., art. IV, § 3(B)(2), which provides that "[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district . . . ."

{¶7} R.C. 2505.02(B) defines various categories of final orders. Such categories include:

> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> . . .
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action

Case No. 2025-G-0025

in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶8} To "affect" a substantial right, an appellant "must demonstrate that in the absence of immediate review of the order [he] will be denied effective relief in the future." *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993); *see also Wilhelm-Kissinger v. Kissinger*, 2011-Ohio-2317, ¶ 7.

{¶9} We review the substance of the appealed order to determine its finality under R.C. 2505.02(B). *Harkai v. Scherba Industries, Inc.*, 136 Ohio App.3d 211, 220 (9th Dist. 2000); *see also Rymers v. Rymers*, 2010-Ohio-2684, ¶ 20 (11th Dist.) ("The principal function of a final, appealable order is the termination of a case or controversy.").

{¶10} Here, the appealed order specifically anticipates further action—receipt of Woofter's proof of purchase—prior to declaring a final ruling on the motion for return of property. Thus, the order does not foreclose effective relief in the future. Accordingly, the order does not "affect" a substantial right and is not final under R.C. 2505.02(B)(1) or (B)(2). Likewise, because the order does not prevent a judgment with respect to Woofter's motion, it is not final under R.C. 2505.02(B)(4). As the order fails these prongs of a "final order" under subdivisions R.C. 2505.02(B)(1), (B)(2), and (B)(4), we need not consider whether the order meets the remaining elements of a "final order" as set forth in these subdivisions. The remaining subdivisions of R.C. 2505.02(B) are clearly inapplicable to the present case.

{¶11} Accordingly, the June 12, 2025 entry is not a final order, and we have no jurisdiction to address the merits of the appeal.

{¶12} Appeal dismissed.


MATT LYNCH, P.J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-G-0025

## JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that the appeal is dismissed for lack of jurisdiction.

Costs to be taxed against appellant.

_____
JUDGE EUGENE A. LUCCI

_____
PRESIDING JUDGE MATT LYNCH,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-G-0025